210

## Commonwealth *v.* Zack, Appellant.

Argued November 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Gordon F. Harrington,* with him *Greenlee, Richman, Derrico & Posa,* for appellant.

*William A. Mitchell,* Assistant District Attorney, and *Jess D. Costa,* District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY HOFFMAN, J., February 2, 1976:

Appellant contends that his right to speedy trial under Rule 1100, Pa.R.Crim.P., was violated[1] and that the verdict was against the weight of the evidence.[2]

On July 22, 1974, appellant was charged by criminal complaint with involuntary deviate sexual intercourse.[3] A Washington County grand jury indicted appellant on September 6, 1974. On October 30, 1974, appellant's counsel was granted a continuance of the case until the next term of court, and trial was rescheduled for December 9. From November 19, until December 12, 1974, however, appellant was unavailable for trial because he was in

---

1. Pa.R.Crim.P. 1100 provides in relevant part: "Trial in a court case in which a written complaint is filed against a criminal defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Because we find that a violation of Rule 1100 has occurred, it is unnecessary to address the question of the sufficiency of the evidence.

There is some confusion related to the procedural posture of this case arising from the fact that appellant has taken three appeals to this Court. The first two appeals were interlocutory and will be quashed. The first appeal was Appeal No. 405 April Term, 1975, which was taken from the order of the lower court denying appellant's Rule 1100 (f) application, Order dated March 4, 1975, of the Court of Common Pleas, Criminal Division of Washington County at No. 582 of 1974. The second appeal, Appeal No. 440 April Term, 1975, was an appeal from the order of the lower court en banc affirming the denial of appellant's Rule 1100 (f) application, Order dated March 10, 1975, of the Court of Common Pleas, Criminal Division of Washington County, at No. 582 of 1974.

The third appeal, Appeal No. 642 April Term, 1975, is an appeal from the Per Curiam Opinion, dated May 18, 1975, and filed May 19, 1975, and from the order of sentence of May 22, 1975, of the Court of Common Pleas, Criminal Division, Washington County, at No. 582 of 1974. It is on this appeal that we may reach the merits of appellant's Rule 1100 claim.

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §3123.

Fayette County awaiting trial on an unrelated charge. On February 19, 1975, appellant filed an application to dismiss the instant indictment with prejudice on the ground that the Commonwealth had failed to comply with Rule 1100.

The Commonwealth contends that a total of thirty-five days must be excluded from the two hundred thirteen days which elapsed between the filing of the criminal complaint on July 22, 1974 and defendant's Rule 1100 (f) application.[4] It argues that ten of the forty days may be charged against the defendant because of the continuance,[5] that twenty-three days must be excluded due to the appellant's unavailability while he was awaiting trial in Fayette County,[6] and that February 19, and February 20, 1975, ought to be excluded because the appellant was on trial under another indictment.[7] Thus, the Commonwealth argues, only one hundred seventy-eight days chargeable to the Commonwealth had elapsed.

The Commonwealth's argument is legally, but not factually, correct. The fallacy in this reasoning is that

---

4. It appears from the record that appellant filed his Rule 1100 (f) application on February 19, 1975. Appellant was convicted on March 18, 1975. He filed motions for new trial and arrest of judgment on that same day, which were denied by the court *en banc* on May 19, 1975. For the purposes of this appeal it is unnecessary to consider any reasons for delay after February 19, the date on which appellant's Rule 1100 (f) application was filed.

5. Rule 1100 (d), Pa.R.Crim.P., provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

6. *Id.*

7. We need not consider this period of time in view of the fact that appellant's Rule 1100 (f) application was filed on February 19, 1975. See Note 4, *supra*.

the period of time excluded by the Rule because of the continuance and the period of time excluded due to the appellant's unavailability overlap; the Commonwealth seeks to count the same days twice. On October 30, 1974, defense counsel was granted a continuance until December 9. Thus, the period from November 30 to December 9 would ordinarily be excluded from computation of the period within which the Commonwealth must bring the defendant to trial. But, those same days are included in the period appellant was awaiting trial in Fayette County (November 19 until December 12, 1974). The same days simply cannot be counted twice for the purpose of applying the Rule.

It is clear, therefore, that the maximum number of days which may be excluded from the computation of delay to be charged against the Commonwealth is twenty-three (the time that appellant was on trial in Fayette County). Subtracting twenty-three days from the period between the date the complaint was filed, July 22, 1974, and the date appellant's petition to dismiss the indictment was filed, February 19, 1975, we find that one hundred ninety days had elapsed. Therefore, Rule 1100 compels that appellant be discharged.

Thus, we order that Appeal No. 405 April Term, 1975 and Appeal No. 440 April Term, 1975 be quashed.[8] On Appeal No. 642 April Term, 1975, we reverse the judgment of sentence, and order appellant be discharged.

---

8. See Note 2, *supra.*