Commonwealth *v.* Ray, Appellant.

Argued September 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.*, Assistant Public Defender, for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY PRICE, J., April 22, 1976:

This is an appeal[1] from an order of the Court of Common Pleas of Montgomery County granting the

---

1. This interlocutory appeal was certified by the lower court in accordance with the Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, Art. V, §501 (17 P.S. §211.501), and pursuant to our discretionary power we will consider this appeal on the merits.

Commonwealth an extension of time for commencing trial pursuant to Pa.R.Crim.P. 1100(c).[2] The Commonwealth predicated its petition for a time extension upon a claim that trial could not be commenced within 180 days from the date the criminal complaint was filed against the appellant, as required by Pa.R.Crim.P. 1100(a)(2),[3] because of an overloaded court docket. The Commonwealth therefore contends that it exercised the requisite due diligence in bringing the appellant to trial and that the Commonwealth should not be held responsible for any period of delay occasioned solely by the judiciary. This contention is without merit.

In *Commonwealth v. Shelton*, 239 Pa. Superior Ct. 195, 361 A.2d 873 (1976), we conducted an extensive review of the purposes to be served by Rule 1100, holding, *inter alia*, that "Rule 1100 ... precludes an *extension* of the prescribed time period predicated upon judicial delay." *Id.* at 203, 361 A.2d at 877. We find that the principles and holding enunciated in *Shelton* control the instant case. Therefore, because the appellant's trial did not commence within the time period prescribed by Rule 1100(a)(2), we reverse the order of the lower court and discharge the appellant.

Additionally, we note that we do not approve the methods employed by the Commonwealth in this case. It is clear that a procedure is developing concerning Rule

---

2. Pa.R.Crim.P. 1100(c) provides in pertinent part: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial..... Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

3. Pa.R.Crim.P. 1100(a)(2) provides that: "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

1100 whereby the Commonwealth attempts to secure an automatic extension of time under Rule 1100(c) through the use of a form petition. We believe that these form petitions not only frustrate the intent of Rule 1100, but also denigrate the procedures prescribed therein. We have seen no petition of this form type which attempts to establish the exercise of due diligence by the Commonwealth beyond the recitation of the words themselves. As such, they are defective.

Moreover, we have found that these form petitions are usually filed at the very last minute of the prescribed time period. And, normally, they are granted without a hearing, or a decision thereon is postponed until well-beyond the expiration of the prescribed time period. We believe that a petition for an extension of time pursuant to Rule 1100(c) must be conscientiously prepared, timely filed with notice to the defendant, and heard by the court below within a reasonable period of time. Because the circumstances of each particular case might vary substantially, we will not reduce to a time certain the time limit within which the lower court must dispose of the Commonwealth's application. However, the lower court should make every effort to dispose of the Commonwealth's petition prior to the expiration of the prescribed period. Any delay past this period must be limited, and will possibly be subject to explanation. Such procedure is mandated by the necessity that all concerned be aware of the status of the case. To require otherwise is unfair to the court, the accused, and the people.

We reverse the order of the lower court granting the Commonwealth an extension of time, and discharge the appellant.

CONCURRING AND DISSENTING OPINION BY VAN DER VOORT, J.:

I concur in the order for reversal, but solely for the reason that the Commonwealth failed to comply with the

requirements of Rule 1100 in the filing of its Petition for Extension after the expiration of the 180 days set forth in that Rule. I cannot however join the thoughts of the majority regarding the element of judicially charged delays and the application of Rule 1100. My thoughts regarding this subject are fully set forth in my Concurring and Dissenting Opinion in *Commonwealth v. Shelton*, 239 Pa. Superior Ct. 195, 208, 361 A.2d 873 (1976). Moreover, in view of the Commonwealth's impermissible delay in seeking an extension in the instant case, I believe it is inappropriate to reach the issue of alleged delay occasioned by operations or misfunctions chargeable to the Court.

WATKINS, P.J., and JACOBS, J., join in this concurring and dissenting opinion.