393 A.2d 1228

COMMONWEALTH of Pennsylvania

v.

Franklin PRILLERMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was arrested and charged with burglary[1] and criminal conspiracy.[2]   He was tried and convicted on both charges.   Post-verdict motions were denied, and appellant was sentenced to concurrent terms of imprisonment of eleven and one-half to twenty-three months.

1.  Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S.A. § 3502.

2.  Act of December 6, 1972, P.L. 1482, No. 334, § 1 eff. June 6, 1973; 18 Pa.C.S.A. § 903.

Appellant argues on appeal that the lower court erred in denying his motion to dismiss under Pa.R.Crim.P., Rule 1100(f).[3]

The Commonwealth argues that appellant waived any Rule 1100 objection when he requested a continuance on December 10, 1975, which was five days before the mechanical rundate, and agreed to trial on or before February 10, 1976. *Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975) is cited in support of this proposition. There is arguable merit in distinguishing the instant case from *Hickson* in that there is no affirmation on the record that the appellant or counsel agreed to a February 27, 1976 trial date. This language is merely contained in a waiver form signed by appellant. Under the reasoning of *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978), this should not act as a complete waiver of appellant's right to raise an 1100 violation.

We further find that there has been prejudice to the appellant occasioned by unexplained delays which evidence a violation of Rule 1100. After appellant's waiver of December 10, 1975, trial was rescheduled for January 22, 1976. This trial date was further postponed to April 4, 1976 with no explanation to be found in the record for this delay. Even considering the waiver by appellant until February 10, 1976, the 180 day period had expired as of the April trial date.

Further, a hearing on appellant's petition to dismiss filed on April 15, 1976, was not held until June 2, 1976, almost a month and a half later.

Finally, the Rule 1100 period was extended by the court on June 2, 1976, until June 17, 1976, presumably based on a Commonwealth petition to extend time for trial filed on

**3.** At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

December 1, 1975, and held in abeyance by Judge Richette. To hold a petition in abeyance for seven months is clearly contrary to this court's reasoning in *Commonwealth v. Metzger*, 249 Pa.Super. 107, 375 A.2d 781 (1977), and violative of appellant's speedy trial right.

In light of the foregoing, the judgment of the lower court is reversed, and the appellant discharged.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.