411 A.2d 238

**COMMONWEALTH of Pennsylvania**

v.

**Lane Rodney MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Sept. 28, 1979.

John C. Howett, Jr., Harrisburg, for appellant.

James J. Rosini, District Attorney, Shamokin, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*,[1] that the lower court erred in granting the Commonwealth's petition for extension of time to commence trial under Pa.R.Crim.P. 1100(c). We agree and, accordingly, reverse the judgment of sentence and order appellant discharged.

The particular nature of the issue herein requires us to recite the facts in some detail. On April 8, 1974, a criminal complaint was filed against appellant charging him with passing several bad checks. Appellant was arrested that same day. Under Pa.R.Crim.P. 1100(a)(1), the Commonwealth was obligated to bring appellant to trial within 270 days of the filing of the complaint.[2] Two hundred and thirty-nine days after the complaint was filed, on December 4, 1974, the lower court issued an order placing appellant in the Accelerated Rehabilitative Disposition (ARD) program. Appellant remained in ARD until June 19, 1975, when the court ordered him removed from the program for violation of conditions. Because the time spent in ARD is automatically excluded from the prompt trial period established by Rule 1100,[3] the Commonwealth still had thirty-one days, or until July 20, 1975, in which to commence appellant's trial.

On July 11, 1975, the Commonwealth filed a petition seeking an extension of time to commence trial under Rule

1. Because of our disposition of this case we need not consider appellant's other contentions on appeal.

2. The 270 day period of Rule 1100(a)(1) applies because the complaint in this case was filed between June 30, 1973, and July 1, 1974. Pa.R.Crim.P. 1100(a)(1).

3. *See* Comment to Pa.R.Crim.P. 1100.

1100(c). The Commonwealth's petition was a "form" petition which simply alleged that trial could not be commenced within the prescribed period despite the Commonwealth's due diligence. The petition stated no reason why trial could not be timely commenced and cited no facts to support the Commonwealth's assertion of due diligence. Appellant answered this petition and filed a motion to dismiss the charges against him on July 25, 1975. Appellant's motion to dismiss was based on his contention that he had not waived his speedy trial rights when he entered ARD, and that therefore his time spent in ARD was not properly excludable from the Rule 1100 period. The lower court held a hearing on the petition and motion on November 3, 1975.[4] Testimony at that hearing concerned only the issue of appellant's waiver of speedy trial rights while on ARD. The Commonwealth offered no evidence whatsoever supporting its petition for an extension of time. On November 14, 1975, the lower court issued an opinion and order denying appellant's motion to dismiss and extending the time for commencement of trial to the court term beginning November 17, 1975. In its opinion the lower court concluded that the Commonwealth had exercised due diligence in attempting to bring appellant to trial, but it cited no facts or evidence in support of this conclusion. On November 19, 1975, appellant again moved the court to dismiss the charges and reconsider its earlier order granting the Commonwealth an extension. In his motion, appellant expressly asserted that the Commonwealth had failed at the November 3 hearing to advance any grounds for granting an extension. The court denied appellant's motion on the same day that it was filed and reaffirmed its finding of due diligence on the part of the

4. No explanation was given for the period of delay before the lower court conducted a hearing on and disposed of the petition to extend and the motion to dismiss. The hearing was held 115 days after the Commonwealth's petition was filed and 106 days after the Rule 1100 run date. The lower court's disposition of the petition and motion occurred 117 days after the run date. We disapproved of such delay in *Commonwealth v. Ray*, 240 Pa.Super. 33, 36, 360 A.2d 925, 927 (1976), and we once again note our disapproval. *See also Commonwealth v. Prillerman*, 260 Pa.Super. 211, 393 A.2d 1228 (1978).

Commonwealth. Appellant was tried on November 21, 1975, convicted of the charges, and sentenced to a fine of $500.00, plus two years probation and restitution to victims of his bad checks. This appeal followed.

Pa.R.Crim.P. 1100(a)(1) requires the Commonwealth to commence the trial of a criminal defendant within 270 days after a written complaint is filed. A court may grant the Commonwealth an extension of time for trial if it finds that "trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Pa.R. Crim.P. 1100(c). In seeking an extension "[t]he Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). . . Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979).

Although we have criticized form petitions for extension which merely allege due diligence without citing supporting facts, *Commonwealth v. Ray*, 240 Pa.Super. 33, 35–36, 360 A.2d 925, 926–27 (1976), the use of such a petition does not by itself indicate a lack of due diligence on the part of the Commonwealth. In *Commonwealth v. Cimaszewski*, 483 Pa.Super. 221, 395 A.2d 931 (1978), we held that the lower court properly granted a form petition for extension under Rule 1100(c) where the Commonwealth had produced at a hearing evidence sufficient to support a finding of due diligence and unavoidable judicial delay. Nonetheless, "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)." *Commonwealth v. Ehredt*, 485 Pa. at 195–196, 401 A.2d at 361, (quoting *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 536, 390 A.2d 1366, 1367 (1978)). Accordingly, in *Ehredt, supra,* our Supreme Court held that bare assertions by the Commonwealth that witnesses were unavailable, without more, did not establish due diligence for purposes of grant-

ing an extension under Rule 1100(c). Similarly, we have remanded for completion of the records in several cases in which transcripts of the hearings on Rule 1100(c) extension petitions were missing. *Commonwealth v. Krall*, 249 Pa.Super. 433, 378 A.2d 373 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977). Moreover, in *Commonwealth v. Warman*, 260 Pa.Super. 130, 135 n. 4, 393 A.2d 1046, 1049 n. 4 (1978), we noted that "without any evidence on record upon which the lower court could have made a factual finding of due diligence, the order extending the time for trial [under Rule 1100(c)] must be seen as a nullity."

In the present case the Commonwealth made no discernible effort to prove that it could not commence trial within the prescribed period despite due diligence. At no point in the proceedings did the Commonwealth advance any reason for its inability to try appellant within the Rule 1100 period. Neither the petition for extension nor the hearings on the various motions contain any information beyond the Commonwealth's bald assertion that trial could not be timely commenced despite its due diligence.[5] Such unsupported assertion falls far short of the showing required for an extension under Rule 1100(c). *Ehredt, supra; Antonuccio, supra.*

Moreover, we are not hampered by lack of a complete record as we were in *Krall* and *Tome, supra.* The instant record contains full transcripts of the November 3 hearing on the petition to extend and motion to dismiss and the November 19 hearing on the motion to reconsider. Nowhere

**5.** The only justification for the extension which the record reveals was advanced by the *trial court* in its opinion, written more than twenty-one months after the hearings on the petition. The court concluded that, because the only scheduled court term before the Rule 1100 run date was to begin four days after appellant was removed from ARD, it would be unreasonable to expect the Commonwealth to be prepared to try the case on such short notice. This reasoning is hardly compelling in view of the fact that the Commonwealth had been seeking appellant's removal from ARD for at least two months prior to the revocation. Moreover, such a judicially conceived justification for extension cannot serve as a substitute for the Commonwealth's affirmative duty under *Ehredt, supra*, to show compliance with the requirements of Rule 1100.

in these transcripts do we ascertain any attempt by the Commonwealth to support its petition with specific reasons or facts. Accordingly, we hold that the Commonwealth failed to prove its inability to timely commence appellant's trial despite due diligence, and that the lower court erred in granting the Commonwealth's petition to extend.

Judgment of sentence reversed and appellant ordered discharged.