423 A.2d 1060

**COMMONWEALTH of Pennsylvania,**

v.

**Robert Ronald SIMON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Jan. 5, 1981.

Harry V. Klein, Jr., Sunbury, for appellant.

Guy W. Schlesinger, District Attorney, Shamokin, for Commonwealth, appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

MONTGOMERY, Judge:

Appellant was found guilty of robbery by a jury and, following the dismissal of post-trial motions and imposition of sentence, now appeals. He presents but one issue to us, that the lower court erred in denying his motion to dismiss filed pursuant to Pa.R.Crim.P. 1100(f). Appellant argues that the procedural aspects of his case mandate a dismissal of the charges pursuant to Rule 1100. In order to analyze

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

appellant's contentions, we must briefly recite the underlying procedural history.

The complaint against appellant was filed May 19, 1975. Therefore, according to Pa.R.Crim.P. 1100(a)(2),[1] the trial should have commenced no latter than November 16, 1975.[2] The case was initially called for trial on September 18, 1975, but the appellant timely requested a continuance.

The case was continued until November 18, 1975, when it was next listed for trial. However, when appellant's case was called for trial on this date, it was discovered that he was on trial in another county. That trial lasted through November 20, 1975.

As a result of appellant's requested continuance, thirty days must be excluded from the run date.[3] Moreover, for the period during which appellant was on trial elsewhere, he must be deemed unavailable in accord with Pa.R.Crim.P. 1100(d), and comments thereto. That time period must likewise be excluded from the period in which the Commonwealth is required to commence trial. See *Commonwealth v. Zack*, 238 Pa.Super. 210, 357 A.2d 652 (1976), *Commonwealth v. Clark*, 256 Pa.Super. 456, 390 A.2d 192 (1978). Herein, the

1. Pa.R.Crim.P. 1100(a)(2) provides:
   "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed ..."

2. Our calculation is made in accordance with 1 Pa.C.S.A. § 1908 which mandates exclusion of the first day and inclusion of the last. See also *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977).

3. Pa.R.Crim.P. 1100(d) states:
   "In determining the period for the commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that period beyond the thirtieth day shall be so excluded."
   The period between September 18, 1975 and November 17, 1975 was sixty (60) days. We must exclude the time in excess of the first thirty (30) days, which in this case was thirty (30) days, and advance the run date by that amount.

exact number of days that appellant was under compulsory process elsewhere is unclear, but it is agreed that the longest time period he could have been deemed unavailable is seven days. Therefore, by excluding thirty-seven days, the new run date became December 23, 1975.

On November 18, 1975, the Commonwealth filed a petition for an extension of time in which to commence trial. A copy of the petition was served on appellant's counsel, but he did not file an answer. The rule was made returnable December 15, 1975, however, no formal action was taken by the Commonwealth to make the rule absolute. Consequently, no hearing was held on the Commonwealth's petition prior to the expiration of the run date, December 23, 1975.

Appellant's case was again called for trial on February 26, 1976. At that time, appellant orally argued that Rule 1100 had been violated and sought a dismissal of the charges. A hearing was set for March 19, 1976 on both appellant's petition to dismiss and the Commonwealth's extension application. On April 5, 1976, the lower court denied appellant's petition and granted the Commonwealth's extension. Appellant was finally tried on July 19, 1976, and found guilty.

The issue now before us is whether appellant's right to a speedy trial was violated. The resolution of this issue is directly related to the unexplained delay on the part of the court in hearing and disposing of the Commonwealth's petition for an extension. The hearing on the Commonwealth's petition was held 121 days after it was filed and 86 days after the Rule 1100 run date. The lower court's disposition of the petition occurred 103 days after the run date. Appellant submits that this unexplained delay in the consideration of the Commonwealth's extension petition evidences a violation of Rule 1100 and warrants his discharge.

This court has addressed the question of when hearings on extension petitions should be conducted many times. See *Commonwealth v. Miller*, 270 Pa.Super. 178 n.4, 411 A.2d 238 n.4 (1979), *Commonwealth v. Brett*, 262 Pa.Super. 326, 396 A.2d 777 (1978) (dictum). In *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976), we observed:

"[b]ecause the circumstances of each particular case might vary substantially, we will not reduce to a time certain the time limit within which the lower court must dispose of the Commonwealth's application. However, the lower court should make every effort to dispose of the Commonwealth's petition prior to the expiration of the prescribed period. Any delay past this period must be limited and will possibly be subject to explanation. Such procedure is mandated by the necessity that all concerned be aware of the status of the case. To require otherwise is unfair to the court, the accused, and the people." Id., 240 Pa.Super. at 36, 360 A.2d at 927.

Likewise, we will not now set a specific time period in which a petition for an extension should be acted upon. However, that is not to say that any lapse of time will be condoned. Rather, we will carefully examine the record to discover any reason or explanation for the delay.

Herein, the Commonwealth's petition was unquestionably timely filed. After excluding the days excluded due to a defense continuance and the appellant's unavailability, the run date was very late in December. Consequently, there was over a month during which the Commonwealth could have sought a final disposition of their petition prior to the run date. In fact, a hearing was scheduled for December 15, 1975 to make the rule absolute, however, for reasons unapparent from the record, the hearing did not take place. The Commonwealth admittedly took no formal action in that it did not appear at the hearing, nor request a ruling on its petition.

The only reason advanced by the Commonwealth in the way of an explanation was that the appellant failed to file an answer to their petition. However, the appellant's inaction in no way mitigates the Commonwealth's responsibility to proceed in a timely fashion. The failure of the appellant to respond to the Commonwealth's petition and appear at a hearing would merely be viewed as a waiver of any objections on his part. See *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977), *Commonwealth v. Jackson*, 261 Pa.Su-

per. 355, 396 A.2d 436 (1978). *Commonwealth v. Stickle,* 269 Pa.Super. 419, 410 A.2d 327 (1979). As long as the Commonwealth fulfilled its duty to serving appellant with a copy of the petition, it must then attempt to achieve a final disposition of its petition as soon as possible, preferably prior to the run date. The Commonwealth offered nothing else in the way of explaining its laxness in seeking a hearing.

We have ruled in the past that to hold a petition to extend time for trial in abeyance for seven months violated the appellant's right to a speedy trial. *Commonwealth v. Prillerman,* 260 Pa.Super. 211, 393 A.2d 1228 (1978). More than once, we have voiced our disapproval of pre-hearing delays, particularly when a hearing could have been held prior to the run date. See *Commonwealth v. Metzger,* 249 Pa.Super. 107 n.2, 375 A.2d 781 n.2 (1977), *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 372 A.2d 444 (1977).

The Commonwealth relies on *Commonwealth v. Lane,* 245 Pa.Super. 146, 369 A.2d 335 (1976) where an unexplained delay in not holding an extension hearing until during the term following the filing of the petition for the same was not deemed to be prejudicial to the defendant. However, that case is not applicable to the case at bar. Herein, the hearing was held a month after the term immediately following the filing of the petition, with the entire delay remaining unexplained.

Appellant bolsters his Rule 1100 argument by also contending that the delay between his motion to dismiss for violation of Rule 1100 and the hearing thereon was also prejudicial. On February 26, 1976, appellant made an oral motion to dismiss, and later that day filed a written petition in support of this motion. A hearing was not held until 22 days later. This type of delay was also cautioned against in *Prillerman,* supra, wherein, a delay of one and one-half month between the appellant's Rule 1100 and the hearing remained unexplained and evidenced a violation of Rule 1100.

■ Finally, we must note that when the Commonwealth's extension of time was granted, the lower court failed to specify the date within which trial should commence, as demanded by Pa.R.Crim.P. 1100(c). Thus, the Commonwealth had an open-ended, indefinite extension of time within which to bring appellant to trial. This violation of Rule 1100 directly contravenes the explicit purpose of the law, which is to effectively protect the rights of criminal defendants to a speedy trial. *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). After the granting of the extension on April 5, 1976, appellant was not brought to trial until 105 days later.

■ After reviewing the unexplained delay between the filing of the Commonwealth's petition and the hearing thereon, the delay between appellant's motion to dismiss and hearing thereon, and the open-ended extension granted to the Commonwealth, we are constrained to agree that appellant's right to a speedy trial was violated.

As a result of the failure of the Commonwealth to properly pursue its petition for an extension, and the failure of the lower court to adhere more closely to the mandates of Rule 1100, we are compelled to reverse the judgment of sentence and order appellant discharged.