## Commonwealth v. Koprivnak

*Paul W. Johnson*, for Commonwealth.
*Sydney W. Paul*, for defendant.

McCRACKEN, *P.J.*, March 30, 1981—Before the court is the application of the Commonwealth for an extension of time within which to commence trial and the motion of defendant to dismiss, both filed under Pa.R.Crim.P. 1100.

The complaint was filed August 13, 1980, and 180 consecutive days thereafter would run February 9, 1981. The Commonwealth filed its application to extend on February 10, 1981. February 9 was a Monday and a holiday and was listed as such on the court calendar as Lincoln's Birthday and the court house was closed. The issue, then, is whether the Commonwealth is entitled to exclude February 9 in its computation of 180 days.

Pa.R.Crim.P. 2 provides that the criminal rules shall be construed as nearly as may be in consonance with the rules on statutory construction and cases have eld that the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1908, applies to Pa.R.Crim.P. 1100: Com. v. Jones, 473 Pa. 211, 373 A. 2d 1338 (1977); Com. v. Thomas, 266 Pa. Superior Ct. 381, 383, 404 A. 2d 1340, 1342 (1979); Com. v. Jones, 258 Pa. Superior Ct. 50, 391 A. 2d 667 (1978). In addition, the comment to rule 1100 provides that it

is intended that the number of days set forth in paragraphs (a)(1) and (a)(2) be calculated as prescribed by the Statutory Construction Act. That act provides that "Whenever the last day of any such period shall fall on Saturday or Sunday, or . . . any legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. §1908.

Defendant argues that the act of May 31, 1893, P.L. 188, 44 P.S. §11 designates only one holiday in February, that being the third Monday, known as Presidents Day, the third Monday, being February 16. Defendant contends that February 9, although designated as a holiday on Lawrence County court calendar for Lincoln's Birthday, was not a state or Federal holiday and, therefore, not to be excluded in the computation of 180 days.

We find no cases disposing of the issue of whether the Commonwealth can exclude from the running of the 180 days a local holiday, the date of which is not specifically designated as a holiday by the Commonwealth or the United States. The Commonwealth recognizes the holidays of Lincoln and Washington in what it designates as "Presidents Day" on the third Monday in February, which happened to fall on February 16, 1981. Pursuant to collective bargaining in Lawrence County, both February 9 and February 16 are designated on the court calendar as holidays celebrating the birthdays of Lincoln and Washington, respectively.

We hold that the Commonwealth is entitled to exclude February 9, 1981, from the computation of 180 days. To hold that the Commonwealth cannot exclude February 9 because the state celebrates the same occasion, Lincoln's Birthday, on another date, February 16, is too strict of a construction of the Statutory Construction Act as it applies to

Pa.R.Crim.P. 1100. As hereinbefore noted, the rules are to be construed *"as nearly as may be in consonance* with the rules of statutory construction." (Emphasis supplied.) The authors of the rules had a reason for using such language as that emphasized, which falls considerably short of requiring strict construction. In addition, the reason for the Statutory Construction Act permitting the exclusion of Saturdays, Sundays and holidays is obviously because the court house is closed on those days, resulting in the impossibility of filing papers. On the basis of that reasoning, the Commonwealth can exclude February 9, on which date the court house was closed.

Also persuading us to conclude that the Commonwealth may exclude February 9 is other language in Pa.R.Crim.P. 2, which provides that they "are intended to provide for the *just* determination of every criminal proceeding. They shall be construed to secure *simplicity* in procedure, *fairness* in administration. . . ." (Emphasis supplied.) It appears to this court that it would be neither just nor fair nor conducive to simplicity in procedure to hold that the Commonwealth cannot rely on the court calendar regarding holidays but must go beyond it to determine those days designated as holidays by the state or Federal governments. To so hold would mean that the Commonwealth could not only not exclude "local" holidays when the court house is closed but could exclude state or Federal holidays even if the court house were open. We do not think that such a result is intended by the rules.

Allowing the Commonwealth to exclude February 9, we hold that the 180 days ran on February 10, on which date the Commonwealth filed its application, which we find to be timely.

Defendant next argues that the Commonwealth

still could have made the application to the court on February 9 and relies on 42 Pa.C.S.A. §324, which provides, in part: "Each court shall always be open for the transaction of judicial business and the court or any judge shall have the same power in vacation to issue injunctions, grant stays and enter other orders as they have while the court is in session."

We hold that this section simply gives the court power to act on emergency situations at any time. To give it the construction urged by defendant would mean that on any expiration date for the filing of any matter, the party must go in search of a judge for the presentment thereof. Such a construction would render ineffective that part of the Statutory Construction Act which excludes Saturdays, Sundays and holidays, and we have already held that February 9 was a holiday.

Lastly, defendant contends that the Commonwealth cannot wait until the last possible moment to apply for an extension and that hearing thereon should be held prior to the running of the 180 day period which was not done in this case. Our appellate courts have stated disapproval of the Commonwealth waiting until the last day to file for an extension, but defendant cites no authority, nor do we find any, which requires filing before the last day. Indeed, such a requirement would appear to contravene Pa.R.Crim.P. 1100(c) which provides for an application to extend "At any time prior to the expiration of the period. . . ." Our courts have also held that hearing thereon should be held prior to the expiration of the period for commencement of trial for the obvious reason that if the application is denied, the Commonwealth may still bring defendant to trial; whereas, if the hearing is held after the expiration and the Commonwealth's application is

denied, the Commonwealth cannot try defendant: Com. v. Ray, 240 Pa. Superior Ct. 33, 360 A. 2d 925 (1976). However, no per se rule has been enunciated, Com. v. Ray, supra, having held that "Because the circumstances of each particular case might vary substantially, we will not reduce to a time certain the time limit within which the lower court must dispose of the Commonwealth's application. However, the lower court should make every effort to dispose of the Commonwealth's petition prior to the expiration of the prescribed period." 240 Pa. Superior Ct. 36, 360 A. 2d 927. See also Com. v. Simon, 283 Pa. Superior Ct. 203, 423 A. 2d 1060 (1981).

As we noted in Com. v. Fugua, no. 406 of 1980, an appalling situation existed in Lawrence County at all times relevant to this case. An overwhelming workload created a situation wherein the court cannot reach all the ready cases every trial term in this two-judge county even though the court has scheduled more time for criminal trials than ever before—to the detriment of other of the court's business. In addition, the staff of the district attorney's office was not nearly adequate to handle the criminal caseload. We note that the district attorney had only four assistants, all part time, all ranging in pay from $15,081 to $7,500, one of those handling only juvenile cases, and a $7,500 assistant position had been open in excess of six months because the district attorney could not fill it. Aggravating the situation was the fact that there are approximately eight homicide cases pending before this court in different stages. The district attorney is working more than full time and is the only administrator in his office. His time was taken up exclusively from September 15, 1980, until October 6, 1980, on one homicide, and again from January 5, 1981, until

January 28, 1981, on another homicide in which there was a change of venire. We find it totally impossible to administer the office of the district attorney under these circumstances. We note that the neighboring fifth-class county of Butler just obtained a third judge and the district attorney has two full-time assistants, one making $30,302, one making $21,836, and a part-time assistant making $16,047. The neighboring fifth-class county of Mercer just obtained a third judge and the district attorney has seven assistants, two full time, ranging in pay from $20,400 to $11,100. A large portion of the business of this court is being taken up by hearings and decisions on Rule 1100. The court schedules hearings as soon as possible, including the noon hour on many occasions. In light of this situation, we do not fault the district attorney for waiting until the last possible day in some cases before applying for an extension to commence the trial. Under these circumstances, we find no merit in defendant's argument on this point.

Finally, we address ourselves to the record in this case to determine whether or not the Commonwealth is entitled to an extension. The complaint was filed October 13, 1980, and a preliminary hearing was scheduled for September 9, 1980. This was continued by the district justice pursuant to a telephone call prior thereto made by a male, who was not the affiant, who is a female, and not from anyone connected with the district attorney's office. The preliminary hearing was then continued to October 9, 1980, at which time defendant was held for court. The transcript was sent to court by the district justice on October 10, 1980, and received by the court on October 14, 1980. The next regularly scheduled arraignment court on the court calendar was November 10, 1980, but defendant was not

scheduled thereon, because of the overwhelming workload in the office which prevented the preparation of an information and timely notification to defendant for arraignment on November 10, 1980. We take judicial notice of the fact that the district attorney requested the court to set a special date for arraignment in December, 1980, since none was scheduled on the court calendar. This request was then abandoned by the district attorney who advised this court that his office could not prepare the informations and give notice to defendants sufficiently prior to the date which the court suggested. The next regularly scheduled arraignment court was January 12, 1981, at which time defendant waived arraignment. The Commonwealth listed his case for trial during the second week of the two-week criminal term in January, 1981. On January 26, defendant moved for a continuance from the January trial list for the reason that 30 days had not passed from the date of arraignment in which defendant may file a pre-trial omnibus motion. This continuance was granted to the next criminal term which was one week in February, commencing February 17. We note that no pre-trial omnibus was filed by defendant. On February 10, 1981, the Commonwealth filed its application to extend and on February 16 the court struck the case from the list of trials for the week of February 17 because of a pending pre-trial motion. On February 19, defendant moved to dismiss under rule 1100. Hearing on both motions was held March 12, 1981, being the earliest possible date consistent with the court's calendar.

We find that the Commonwealth has been duly diligent but has, nevertheless, been unable to commence trial of defendant within the prescribed period of 180 days, which we have held ran Feb-

ruary 10, 1981, and its motion for an extension of time will be granted to April 3, 1981, which the court certifies is the earliest date consistent with the business of the court.

We will also deny defendant's motion to dismiss under Pa.R.Crim.P. 1100.

## ORDER

Now, March 30, 1981, the court finds that despite due diligence on the part of the Commonwealth, it is not able to commence trial of defendant within the prescribed period of 180 days and its application to extend time for commencement of trial is hereby granted until April 3, 1981, which the court certifies is the earliest date consistent with the business of the court.

Defendant's motion to dismiss under Pa.R.Crim.P. 1100 is denied.