444 A.2d 748

**COMMONWEALTH of Pennsylvania**

**v.**

**Booker T. FAIRLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1981.

Filed April 16, 1982.

William G. Brown, Assistant Public Defender, West Chester, for appellant.

Robert P. Brendza, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before SPAETH, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

Following a jury trial, appellant, Booker T. Fairley, was found guilty of driving under the influence of alcohol.[1] Post-verdict motions were denied and a one year period of probation was imposed. This direct appeal followed. We affirm.

On appeal, appellant raises two issues: (1) whether his right to a speedy trial under Pa.R.Crim.P. 1100 was violated; and (2) whether the evidence was sufficient to support his conviction.

The facts pertinent to appellant's Rule 1100 claim are as follows:

1. 75 Pa.C.S.A. § 3731 (1977).

On June 30, 1978, a criminal complaint was filed against appellant charging him with driving under the influence of alcohol. The 180 day period in which trial was to commence under Pa.R.Crim.P. 1100 would have expired on December 27, 1978.[2] On November 27, 1978, one month prior to the expiration of the 180 day period, the prosecution petitioned the court for an extension of time in which to commence trial,[3] asserting the trial court's inability to schedule appellant's trial within the period as the basis of its request. Following a hearing on the petition, the court below granted the Commonwealth's application and entered an order extending the commencement of trial to March 26, 1979. Appellant was tried on March 21, 1979, and found guilty.

Appellant now contends that because the lower court erred in granting the Commonwealth's extension petition, his right to a speedy trial was violated. We disagree.

To begin with, our Supreme Court has stated that a petition to extend the time for commencement of trial under Pa.R.Crim.P. 1100(c) may be granted:

> "only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record

2. Pa.R.Crim.P. 1100(a)(2) requires: "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 [to] commence no later than one hundred eighty (180) days from the date on which the complaint is filed." For purposes of this appeal, we cite the applicable provisions of Pa.R.Crim.P. 1100 as they appeared prior to the Rule's amendment on October 22, 1981.

3. Section c, Pa.R.Crim.P. 1100 states:

   At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield*, 469 Pa. 214, 221–22, 364 A.2d 1345, 1349–50 (1976).

In the present case, the record reveals that the Commonwealth's timely petition to extend was occasioned by the court's inability to schedule appellant's trial within the prescribed period. After a hearing on February 14, 1979, the lower court found that despite due diligence by the prosecuting authorities, the overcrowded court docket precluded the Commonwealth from bringing appellant to trial within 180 days. The Court Administrator testified that the Commonwealth was confronted with an administrative policy whereby, due to the backlog of cases and despite any exercise of due diligence, a low priority listing for trial was assigned to all Driving Under the Influence cases. Accordingly, only 3 to 4 percent of these cases could be reached within 180 days.

In *Commonwealth v. Shelton*, 469 Pa. 8, 18, 364 A.2d 694, 699 (1976), our Supreme Court held that an extension of time under Rule 1100(c) "may be justifiably granted . . . [in] [s]ituations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable." *See Commonwealth v. Royer*, 256 Pa.Super. 361, 389 A.2d 1165 (1978) (extension of time proper where trial could not be commenced because of an overcrowded court docket).

Accordingly, we conclude that the lower court properly granted the Commonwealth's petition to extend because the delay in the instant case was attributable to an overcrowded court docket and could not be avoided despite due diligence by the Commonwealth.

Appellant also contends that the lower court's failure to dispose of the Commonwealth's petition to extend prior to the expiration of the prescribed 180 day period warrants his discharge. We disagree.

Instantly, the record reveals that the Commonwealth filed a timely petition to extend one month prior to the expiration of the run date. The lower court, however, acted upon the petition 79 days after it was filed and 49 days following the expiration of the run date.

Although our court has recognized that a ruling on a timely petition to extend the commencement of trial may occur after the run date,[4] we have disapproved of such a practice because of the risks involved. As this court has stated:

> " '[t]he risk is obvious: if the court denied the extension after the period has run, the Commonwealth is prevented from bringing the accused to trial. If the petition is denied promptly, the Commonwealth may nonetheless be able to try the accused within the period. Because we conclude that the extension was properly granted and because the court's inaction engendered no additional delay, . . ., we do not need to address the issue further.' " *Commonwealth v. Metzger*, 249 Pa.Super. 107, 110, n.2, 375 A.2d 781, 783 n.2 (1977) (*quoting Commonwealth v. Mancuso*, 247 Pa.Super. 245, 250 n.3, 372 A.2d 444, 446 n.3 (1977)).

To begin with, the rule does not delimit a time period in which the petition must be acted upon by the court. However, we have examined speedy trial claims under Rule 1100 where the court delayed a hearing until after the period had run and commented that "[w]e can . . . imagine situations in which prejudice to the defendant would result from such a

4. *See Commonwealth v. Miller*, 270 Pa.Super. 178, 181 n.4, 411 A.2d 238, 239 n.4 (1979) (*rev'd on other grounds*) (disposition of extension petition 117 days after run date does not violate speedy trial rights); *Commonwealth v. Metzger*, 249 Pa.Super. 107, 110 n.2, 375 A.2d 781, 783 n.2 (1977) (extension hearing held 16 days subsequent to expiration of run date permissible under Pa.R.Crim.P. 1100(c)); *Commonwealth v. Lane*, 245 Pa.Super. 146, 369 A.2d 335 (1976) (hearing during term of court immediately following term during which petition was presented is proper). *But see Commonwealth v. Prillerman*, 260 Pa.Super. 211, 393 A.2d 1228 (1978) (holding extension petition in abeyance for seven months clearly constitutes a violation of right to speedy trial).

practice." *Commonwealth v. Metzger*, 249 Pa.Super. at 110 n.2, 375 A.2d at 783 n.2. Thus, in order to prevent the risk of prejudice,

> " 'the lower court should make every effort to dispose of the Commonwealth's petition prior to the expiration of the prescribed period. Any delay past this period must be limited and will possibly be subject to explanation. Such procedure is mandated by the necessity that all concerned be aware of the status of the case. To require otherwise is unfair to the court, the accused, and the people.' " *Commonwealth v. Simon*, 283 Pa.Super. 203, 206, 423 A.2d 1060, 1061 (1981) (*quoting Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976)).

While the record in the instant case does not disclose why the Commonwealth's petition was scheduled to be heard seven weeks after the run date, appellant does not allege, nor does the record reveal that he was prejudiced by the court's action. Therefore, under these circumstances, this Court need not inquire further into the reasons for the delay.

Next, appellant argues that the evidence was insufficient to sustain his conviction. We cannot agree.

With respect to this contention we must "[view] all of the evidence ... in the light most favorable to the Commonwealth[, draw] all reasonable inferences therefrom, [and determine whether] it [is] sufficient to enable the trier of fact to find every element of the crimes charged beyond a reasonable doubt.... While the Commonwealth does not have to establish guilt to a mathematical certainty and may ... rely wholly on circumstantial evidence, a conviction may not be based on mere conjecture or surmise." *Commonwealth v. Arizini*, 277 Pa.Super. 27, 36–7, 419 A.2d 643, 648 (1980) (citations omitted).

Under the foregoing standard, the evidence establishes the following:

On June 30, 1978, Officer Alvero Cordone of the Pennsylvania State Police arrested appellant and charged him with driving under the influence of an intoxicating liquor. Officer Cordone testified that on the day in question, he was called to the scene of the accident shortly after its occurrence. Upon his arrival, he observed "a Plymouth sedan ... in a ditch, just off of a curve," and the operator of the vehicle, later identified as appellant, standing beside the car. (N.T. 3/21/79, p. 20). Cordone testified that appellant had a strong odor of alcohol on his breath, his eyes were bloodshot, and he had difficulty standing. Based upon these observations, Officer Cordone concluded that appellant was intoxicated and incapable of operating a motor vehicle. Officer Cordone informed appellant of his rights and transferred him to the Avondale State Police Barracks. Appellant then consented to a breathalyzer test which revealed that the amount of alcohol by weight in appellant's blood was .19 percent.

Daniel Mast, a resident of the area, testified that he heard the crash and arrived at the scene of the accident within fifteen seconds. Upon his arrival, he observed a Plymouth sedan in a ditch with one occupant, later identified as appellant, positioned on the driver's side of the vehicle. Mr. Mast observed appellant throw a bottle of alcohol down on a rock, causing it to break. Appellant had several lacerations on his face, his speech was slurred, there was an odor of alcohol on his breath, and, he "almost went onto the road ... in the way of an on-coming car" before Officer Cordone arrived. (N.T. 3/21/79, p. 38).

In his defense, appellant testified that on the day of the accident he was driving to a car dealership to have his car inspected in preparation for a scheduled trip to Florida. On his way to the dealership, an oncoming automobile crossed over the center of the highway into appellant's lane of traffic. In an attempt to avoid the oncoming car, appellant swerved off the road and drove into a ditch. Because he

was experiencing pain from bumping his head on the windshield and was worried about the accident, he took a drink of whiskey from a bottle in his car, then threw the bottle away. Appellant also testified that he had consumed two beers that morning.

It is now alleged that the evidence was insufficient to sustain the conviction for two reasons. First, appellant argues that the results of the breathalyzer test should be disregarded as evidence of his intoxication because the Commonwealth failed to establish the time or the date that the test was administered. Second, appellant argues that because he imbibed alcohol immediately after the accident, there was no evidence establishing that he was under the influence of alcohol *at the time the accident occurred.*

Instantly, however, we only can address appellant's second contention because appellant has waived his right to challenge the admissibility of the breathalyzer test.[5]

As to whether the Commonwealth presented sufficient evidence to sustain the conviction, we recognize that in finding appellant guilty of (1) operating a motor vehicle, (2) while under the influence of alcohol, 75 Pa.C.S.A. § 3731; *Commonwealth v. Arizini, supra,* it was within the province of the jury to believe "all, part, or none of the evidence."

5. Appellant's allegation that the breathalyzer test is an impermissible consideration in sustaining his conviction, raised for the first time in his brief before this court, is waived. Our rules of criminal procedure clearly provide that unless otherwise permitted by the trial court, only those grounds raised in pre-trial proceedings or at trial may be considered in motions for a new trial and in arrest of judgment. Pa.R.Crim.P. 1123. Accordingly, appellant's failure to object at the time the evidence was offered constitutes an abandonment of this claim. *See Commonwealth v. Benson,* 280 Pa.Super. 20, 30, 421 A.2d 383, 388 (1980).

Additionally, we note that while it may be unrealistic to expect appellant to have objected to the introduction of this evidence at trial since he chose not to be represented by counsel, his failure to include this allegation in his post-verdict motions, prepared with the assistance of counsel, constitutes a waiver of his right to appellate review of this issue. Pa.R.Crim.P. 1123; *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

*Commonwealth v. Arms,* 489 Pa. 35, 38, 413 A.2d 684, 686 (1980).

Here, we first have the testimony of two witnesses who, based on their observation of the odor of alcohol on appellant's breath, his bloodshot eyes, slurred speech, and difficulty in walking, opined that appellant was intoxicated. *See Commonwealth v. Reynolds,* 256 Pa.Super. 259, 267, 389 A.2d 1113, 1119 (1978) (intoxication is a matter of common observation and lay people are permitted to tender their opinion on the issue). Second, the breathalyzer test administered to appellant revealed a blood alcohol content of .19 percent. In this connection, we note that the trial judge properly instructed the jury that pursuant to 75 Pa.C.S.A. § 1547, there existed a noncompulsory presumption that anyone with an alcohol by weight content of .10 percent or more was under the influence of alcohol. Third, the mere occurrence of appellant's accident could be used to draw the inference that appellant was driving under the influence of liquor since his loss of control of the vehicle could corroborate other evidence tending to show that his senses were impaired. *See Commonwealth v. Arizini, supra.* Finally, because the jurors were aware of appellant's contention that he swerved into the ditch to avoid an oncoming car and imbibed alcohol after the accident, they were required to decide whether appellant's accounting was credible. *Commonwealth v. Borris,* 247 Pa.Super. 260, 372 A.2d 451 (1977). Here, it is apparent that the jury chose not to accord any weight to appellant's testimony and we see no reason to disturb its finding. *See Commonwealth v. Arms, supra.*

From a review of all the evidence, we are satisfied that the jury could find, beyond a reasonable doubt, that appellant was operating a motor vehicle while under the influence of alcohol. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.