461 A.2d 239

**COMMONWEALTH of Pennsylvania**

v.

**Mark YANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1983.

Filed May 13, 1983.

Elaine G. DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BECK and JOHNSON, JJ.

**PER CURIAM:**

Once again we are asked to determine whether the Commonwealth has conformed to the requirements of Pa.R. Crim.P. 1100, which is designed to guarantee criminal defendants a speedy trial by imposing a 180 day limit on the time between the complaint is filed and the accused's trial is held. Appellant Mark Yant was convicted of burglary and other charges at a trial held on October 17, 1980, and he was given a probationary sentence. He claims that the Commonwealth violated Rule 1100, and that he is entitled to discharge.

The dates relevant to this appeal are as follows:

| | |
|---|---|
| Jan. 20, 1980 | Complaint filed. |
| Jan. 30 | Preliminary Hearing scheduled; Commonwealth requests continuance until February 20. |
| Feb. 20 | Preliminary Hearing held. |
| Mar. 5 | Arraignment. |
| Apr. 25 | First listing for trial; Yant in custody for another offense and no order for bringdown issued. |
| Jun. 20 | Second listing for trial; case marked "Ready, not reached" and continued to August 7. |
| Jun. 25 | Commonwealth files timely Petition to Extend. |
| Jul. 18 | End of 180 day run date from Complaint of January 20. |
| | |
| Jul. 28 | Yant petitions to dismiss. |
| Jul. 31 | Hearing on Petition to Extend scheduled but continued.* |
| Aug. 1 | " " |
| Aug. 4 | " " |
| Aug. 6 | " " |
| Aug. 7 | " ". Trial also continued; Commonwealth witnesses not present. |
| Oct. 17 | EXTENSION HEARING AND TRIAL HELD (four months after the filing of Petition to Extend, and 271 days after the Complaint was filed). |

* The record and the testimony conflict as to whether a hearing was scheduled on July 31 and continued to August 1, or first scheduled for

August 1. At the hearing, the prosecution testified that it did not remember and did not have the record (N.T. Extension Hearing, 14). Additional confusion arises from the allusion in appellant's brief to a scheduling of the Extension Hearing for October 7. This scheduling does not appear in the record. (See appellant's brief, p. 11, referring to N.T. 23–4 and the quarter sessions file).

Yant never requested any continuance and never signed a waiver of his Rule 1100 rights. All continuances came at the request of the Commonwealth.

Rule 1100(c) provides:

(c)(1) At any time prior to the expiration of the period for commencement to trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

The sole issue on appeal is whether the Commonwealth met the test of *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976) and reiterated in *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979) by proving due diligence in bringing Yant to trial, and sufficiently explaining or justifying any delay. *Mayfield* mandates that hence-

forth a trial court could grant an extension under Rule 1100(c) only upon a showing of (1) "due diligence" of the prosecution, and (2) certifying that trial is scheduled for the earliest date consistent with the court's business. If the delay is due to the court's inability to try the defendant within the prescribed period, the record must show the reasons why the delay is unavoidable. Yant claims that these standards were not met, in that the Commonwealth failed to prove due diligence in either bringing him to trial or in holding the hearing on his Petition to Extend. We will address these two related issues separately.

*Delay in Trial on the Charges:*

■ The Commonwealth has the burden of showing by a preponderance of the evidence (the least burdensome standard of proof known to the law) that it has met the requirements of Rule 1100(c). *Ehredt, supra.* In reviewing a hearing court's ruling that the Commonwealth has met its burden, the appellate Court considers only the evidence presented by the Commonwealth and so much of the defense evidence as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977).

■ The Commonwealth argues that Yant has waived his Rule 1100 claim by filing a non-specific boiler-plate post-verdict motion, which alleges "the Commonwealth failed to bring the defendant to trial within the permissable time under Rule 1100 Pa.R.Crim.P." While it is true that waiver has been found in general boiler-plate post-verdict motions claiming insufficiency of the evidence [1], without specific allegations, we believe that Yant's motion on rule 1100 violation is sufficiently specific to preserve the issue for appellate review. We therefore proceed to address the merits of his appeal.

**1.** All the cases that the Commonwealth cites to establish waiver on the basis of lack of specificity in post-verdict motions are claims of insufficiency of evidence rather than Rule 1100 claims. *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980), *Commonwealth v. Neely,* 298 Pa.Super. 328, 444 A.2d 1199 (1982), *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982).

The first postponement, moving the Preliminary Hearing from January 30 to February 20, was requested by the Commonwealth because Yant's co-defendant was unable to proceed to trial, and the Commonwealth did not want severance. The second postponement was of the trial itself. Yant, originally released after posting bail, was arrested on new charges while awaiting trial. The Commonwealth was unaware that Yant was in custody in Philadelphia, and therefore failed to prepare an order for forthwith bringdown for trial on April 25, the date of the first listing of the case for trial. A continuance until June 20 resulted. The third delay occurred because on June 20, at 4:47, the case had not yet been heard. It was marked "Ready, not reached" and continued until August 7, beyond the run date of July 18.

At the third rescheduling, Yant's counsel made no objection to the August 7 date, and the Commonwealth argues that Yant has on that grounds also waived his right to claim a Rule 1100 violation. The Commonwealth relies on *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981) in which the Supreme Court held that failure to object to a rescheduling constituted a Rule 1100 waiver. The circumstances in *Brown*, however were clearly distinguishable from those in Yant's case. In *Brown*, the defendant had already requested one continuance, and had executed a voluntary and knowing waiver of his 1100 rights in connection with that request. The Supreme Court held that because Brown's prior waiver was valid, he unquestionably understood his 1100 rights at the time of the rescheduling, and therefore he waived those rights by failing to object at the time of the rescheduling. We do not find a waiver by Yant, who had never requested a continuance, and had never executed a waiver, prior to the postponement to August 7.

On August 7, two Commonwealth witnesses failed to appear. One of them subsequently testified (at the October 17 hearing) that they had appeared and testified at the Preliminary Hearing, and had appeared in response to sub-

poenas relating to the earlier listing dates. He further testified that they would have appeared on August 7 if they had received subpoenas for that date, but that they had not received them. The prosecution introduced exhibits of subpoenas for two witnesses for August 7, but in cross examination the defense brought out that there was no indication of service, and no indication that the subpoenas had been mailed (NT. 7–11).

The record is silent as to whether the August 7 listing was the earliest possible rescheduling after the continuance of June 20, and as to whether the October 17 listing was the earliest possible rescheduling after the continuance of August 7. *Mayfield* clearly requires "certification that trial is scheduled for the earliest date consistent with the court's business, provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must show the causes of the court delay and the reasons why the delay cannot be avoided" (469 Pa. at 222, 364 A.2d at 1349–50).

*Delay in Hearing on Petition to Extend:*

The Commonwealth's Petition to Extend was timely filed on June 25 but for various reasons no hearing was held on the Petition until October 17, the date of Yant's trial.[2] This was 91 days beyond the original run date and 114 days after filing the Petition to Extend. This Court has frequently expressed its disapproval of pre-hearing delays which result in the hearing taking place well beyond the 180 day run date. *Commonwealth v. Simon*, 283 Pa.Super. 203, 423 A.2d 1060 (1981); *Commonwealth v. Prillerman*, 260 Pa. Super. 211, 393 A.2d 1228 (1978); *Commonwealth v. Metzger*, 240 Pa.Super. 712, 360 A.2d 227 (1977); *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 372 A.2d 444 (1977); *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1975). As footnote 2 in *Metzger* explains: "The risk is obvious: if the court denied the extension after the period

2. Yant's post-verdict motions also state: "The Commonwealth failed to hold a timely extension hearing. Said hearing was held well beyond the time period required under Rule 1100." The Commonwealth does not claim lack of specificity in this motion.

had run, the Commonwealth is prevented from bringing the accused to trial. If the petition is denied promptly, the Commonwealth may nonetheless be able to try the accused within the period." (*Metzger,* quoting *Mancuso, supra,* footnote 3). This repeated admonition applies to Yant's case, for the hearing court was put in the position of having to grant the Petition to Extend or dismiss the accused. This circumstance inevitably puts pressure on the hearing court to grant the petition.

The lower court, in reviewing cases in which extension hearings were held beyond the defendant's run date, observed that in only one instance, *Prillerman, supra,* was an Extension Order reversed because of delay. In *Prillerman,* the delay was seven months. The court below accepted the four month delay in Yant's case because it "was occasioned by reasons out of the control of the Commonwealth" (Opinion, p. 5). We believe this was error.

We uphold the principle expressed in *Ray, supra*: "Because the circumstances of each particular case might vary substantially, we will not reduce to a time certain the time limit within which the lower court must dispose of the Commonwealth's application" (240 Pa.Superior Ct. at 36, 360 A.2d at 927). In the instant case, we do not discern that the four month delay was incurred despite due diligence by the Commonwealth. The Commonwealth offers as explanation for the five continuances on the Petition hearing the following: the assistant district attorney who was to testify was on vacation (two continuances) illness of the judge (one continuance), case not entered on the court list (one continuance) and, for the fifth continuance, no excuse at all. We held that the absence of a police officer on vacation was insufficient showing of due diligence on the part of the Commonwealth in *Com. v. Delpiano,* 290 Pa.Super. 610, 434 A.2d 1260 (1981). The various other continuances, each standing alone, would perhaps not constitute a violation of the rule. For Yant, however, we hold that the totality of the circumstances and the repeated continuances of the trial and the Extension Hearing resulted in a violation of his rights

under Rule 1100. We therefore believe that the proper remedy is discharge.

Judgment of sentence is reversed and appellant is discharged.

SPAETH, J., concurs in the result.