434 A.2d 194

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Frank H. LABIAUX.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed Aug. 28, 1981.

---

**2.** As the majority notes, no such instructions were requested. (At 193).

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

John H. Corbett, Jr., Pittsburgh, submitted a brief on behalf of appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellee Frank H. Labiaux was arrested without a warrant and charged with the offense of driving while under the influence of alcohol. Appellee filed a Motion to Suppress the results of a breathalyzer test. At the conclusion of the hearing, thereon, Appellee's motion was granted[1] and the Commonwealth filed this direct appeal. We reverse.

The sole issue is whether the police had probable cause to arrest Appellee.[2] The initial call to police was regarding a domestic situation. Upon the officer's arrival at the site and as a result of what they were told by the owner of the

---

1. At some time subsequent to the filing of the appeal, the Commonwealth was notified that the lower court had modified its order to indicate the sustaining of a demurrer rather than the granting of the Motion to Suppress. Having reviewed the record, including the transcript of the hearing, we believe that all parties understood the lower court's ruling to be on the suppression issue and we will so treat it on this appeal.

2. The Vehicle Code provides that an arrest for a violation of 75 Pa.C.S.A. § 3731 (Driving Under Influence of Alcohol) may be made without a warrant if a police officer has probable cause to believe a person has violated that law, regardless of whether the alleged violation was committed in the presence of the officer.

building, the officers asked Appellee to leave the building. Appellee was drinking beer when the officers arrived, appeared to have a flushed face and bloodshot eyes and his speech was slurred. Because Appellee was staggering, the officers had to assist him down the stairs. In addition, they noticed a strong odor of beer on his breath. Appellee placed a basket, which one officer had carried out of the building, into a truck which he had identified as being his. One of the officers, Larry Sangricco, advised Appellee not to drive the truck but to take a taxicab or walk home. He further advised Appellee that he would arrest him if he drove the truck. The officers left, got in their cars, and cruised the area, consistent with their practice in domestic situations. Approximately fifteen minutes after the initial stop, Officer Sangricco saw Appellee driving his truck. He subsequently arrested Appellee for driving under the influence. Officer Sangricco testified that he saw no other Vehicle Code violations. On the basis that the Appellee was safely operating the vehicle, the lower court found there was no probable cause to arrest him for driving under the influence.

We believe that the lower court's reasoning is incorrect. The offense is defined as follows:

A person shall not drive any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving ...

75 Pa.C.S. § 3731

We have specifically repudiated Appellee's position in cases brought under the previous driving under the influence statute. *Commonwealth v. Arizini*, 277 Pa.Super. 27, 419 A.2d 643 (1980); *Commonwealth v. Kelly*, 196 Pa.Super. 265, 175 A.2d 918 (1961). We do not believe the modifying phrase "to a degree which renders the person incapable of safe driving" requires the police to permit an obviously intoxicated person to operate a motor vehicle on the high-way until that person has committed some other Vehicle Code violation, perhaps damaging another's property or in-juring or killing someone, before they are permitted to arrest that individual. Sufficient protection from unwar-

ranted arrest is provided by the requirement that the Commonwealth prove the person was driving the vehicle and also was under the influence of alcohol.

There was certainly sufficient indication that Appellee was intoxicated which the officers gleaned first-hand from their previous encounter with him. In addition, a very short period of time had elapsed from the time the officers had to assist Appellee down the stairs until the time they saw him operating the vehicle. Therefore, there was sufficient evidence presented to show probable cause for the arrest, and the lower court erred in finding that the lack of some other Vehicle Code violation precluded a finding of probable cause.

Reversed. We relinquish jurisdiction.