441 A.2d 1318

COMMONWEALTH of Pennsylvania, Appellant,

v.

Francis X. MONAGHAN, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 11, 1980.

Filed Feb. 19, 1982.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Maurind J. Rossanese, Norristown, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

In this case, Francis X. Monaghan, the operator of a tow-truck was charged with operating a motor vehicle while under the influence of alcohol in violation of the Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, 75 Pa.C.S.A. § 3731. The court below following a hearing before Cirillo, J. granted appellant's motion to suppress evidence and the Commonwealth has appealed from the suppression order.

On February 17, 1979, at about 1:15 a. m., Officer Worstall of the Upper Moreland Township Police was on duty in his patrol car. He heard a man who was about fifty feet away from him shouting at a tow-truck which was going south on York Road to stop. The tow-truck did so. At this point the officer thought that the man calling after the truck possibly had a problem with his car. The officer was told that the tow-truck had struck an automobile and upon examining the vehicle the officer observed recent damage to the car as there was debris next to it. The officer did not observe the tow-truck strike the vehicle. The officer then proceeded to the tow-truck and told the driver, the appellant Monaghan,

to move his truck off the road into a parking space about ten feet away and the operator of the truck did so. The officer then asked the appellant if he hit the vehicle and he said that he had not. The appellant then got out of his truck and walked towards the damaged vehicle with the officer who at that time noticed that the appellant was staggering, his speech was slurred and there was odor of alcohol on his breath. The appellant stated that he had "tapped" the vehicle but that he had not done the damage which the officer was pointing to. There was no visible damage to the appellant's truck. The officer told the appellant that based on his observations he was in no condition to drive. Following this the appellant used profanity and insisted that he would drive. At this point the appellant was placed under arrest by Officer Worstall.

The court below found that there was no probable cause to arrest the appellant on the charge of operating a vehicle while under the influence of alcohol and granted the motion to suppress all evidence. We believe that the court's analysis of the evidence is incorrect. The court stated in its opinion at page 2: "The only purpose of the police officer stopping the defendant was to examine for a possible accident. The police officer found no evidence of any accident; and therefore, the purpose of his investigation was completed." On the contrary, before the officer approached the appellant he was directed to a vehicle which supposedly had been struck by the tow-truck. In this respect the officer testified:

Before I approached Mr. Monaghan, I looked at the car when I got information and at that point I knew there was damage, fresh damage done, because there was some debris next to the car.

In this case, we believe it is clear that the officer had the right to approach the appellant's tow-truck which had already stopped and attempt to determine what happened since he had observed someone shouting to the tow-truck to stop and he had been shown damage to a vehicle which apparently was recent damage and there was evi-

dence, although based on hearsay, that the appellant was involved. When the officer approached the appellant's truck he told the appellant that he wanted to talk to him about an accident that had just occurred. An investigatory stop of a vehicle must be based on objective facts creating a reasonable suspicion that the motorist is presently involved in criminal activity. *Commonwealth v. Ferraro*, 237 Pa.Super. 268, 352 A.2d 548 (1975). Further, "the police officer must be able to point to specific and articulable facts which taken together with rational inferences from those facts reasonably warranted the intrusion." *Commonwealth v. Galadyna*, 248 Pa.Super. 226, 230, 231, 375 A.2d 69, 72 (1977). After parking his tow-truck the appellant got out and walked with the police officer in the direction of the damaged vehicle. It was then that the officer observed that the appellant manifested the standard symptoms of intoxication—staggering gait, slurred speech and an odor of alcohol on his breath. It is correct that the officer determined not to arrest the appellant as the result of a collision with the parked car as he felt that he could not prove it. It was only after it was clear that the appellant was under the influence of alcohol and insisted on continuing to operate his tow-truck that the officer placed the appellant under arrest. There was sufficient probable cause for this arrest. "It is only the probability and not a prima facie showing of criminal activity that is a standard of probable cause." *Commonwealth v. Vessells*, 273 Pa.Super. 100, 105, 416 A.2d 1108 (1979).

■ The court below decided that the warrantless arrest was improper as the "officer had no probable cause to believe that the defendant was operating while under the influence, since he did not observe the defendant operating in an erratic or suspicious manner." The court erred in requiring observation by the police officer of driving in an erratic manner. The Vehicle Code, *supra*, 75 Pa.C.S.A. § 3731(c) states:

(c) Certain arrests authorized.—In addition to any other powers of arrest, a police officer is hereby authorized to arrest without a warrant any person who the officer has

probable cause to believe has violated the provisions of this section, regardless of whether the alleged violation was committed in the presence of such officer.

The officer was justified in believing that the appellant had violated the provision dealing with operating a vehicle while under the influence of alcohol, as he knew he had operated his truck a short time before and he now appeared to be inebriated. The Act does not require that the officer observe a defendant operating a vehicle in a way that indicates that he is under the influence of alcohol. In *Commonwealth v. Levesque,* 469 Pa. 118, 364 A.2d 932, 935 (1976) the Supreme Court held that under the Vehicle Code, as then written: "... The legislature purported to give police officers the authority to perform warrantless arrests for driving under the influence of liquor or drugs, 75 P.S. § 1037, whether or not that offense was committed in the presence of the arresting officer." *See also Commonwealth v. Meyer,* 488 Pa. 297, 412 A.2d 517 (1980).

In *Commonwealth v. Benson,* 280 Pa.Super. 20, 421 A.2d 383 (1980) a defendant was involved in an accident unobserved by the police. A police officer arrived at the scene and talked to the defendant in the police car for five or ten minutes to obtain information for the accident report. The officer noticed that the defendant mumbled and there was a definite odor of alcohol about him. The officer and the defendant then exited the car and the officer assisted the tow-truck operator in removing the wreckage. Subsequently the officer placed the defendant under arrest. This court found that there was probable cause for the arrest and that the court below properly denied the defendant's motion to suppress. The defendant was found guilty of operating a motor vehicle while under the influence of intoxicating liquor. In the circumstances of this case the appellant's arrest without a warrant was proper and the court below erred in suppressing all of the evidence.

Order reversed and case remanded to the court below for further proceedings consistent with this opinion.