## Commonwealth v. Rush

*Frank C. Roney,* for the Commonwealth.
*Roger J. Ecker,* for defendant.

GILMORE, *J.,* February 7, 1985—This matter is before the court on defendant's motion to suppress the chemical test results of blood samples. Defendant raises two issues: (1) Whether the police had probable cause to arrest defendant for driving under the influence of alcohol, 75 Pa.C.S. §3731; and (2) Whether the destruction of defendant's blood samples by the Commonwealth, without notice and without giving defendant sufficient time to request the samples for independent testing, violated due process. From the testimony and evidence produced at the suppression hearing, the court makes the following

## FINDINGS OF FACT

1. On March 24, 1984, defendant's vehicle was involved in a three car accident in North Strabane Township, Washington County, Pa.

2. Upon defendant being removed from the vehicle the police noticed a mild odor and aggressive behavior. The police could not administer a field sobriety test because of his injuries.

3. Blood was later extracted from defendant at the hospital. Defendant was not advised he could have his own sample or that the sample taken would be destroyed after testing.

4. On March 27, 1984, the Greensburg State Police Lab received the blood sample and on March 28, 1984, tested the blood sample resulting in a blood alcohol content of 0.25 percent.

5. The Greensburg State Police Lab was able to preserve the sample for a reasonable length of time at a reasonable expense.

6. On April 6, 1984, a criminal complaint for driving under the influence of alcohol, 75 Pa.C.S. §3731 was filed against defendant.

7. On April 10, 1984, defendant's blood sample was routinely destroyed at the Greensburg State Police Lab.

8. On May 8, 1984, a preliminary hearing was held at which time defendant requested the blood sample in order to have a physician of his own choosing to adminster a chemical testing of the blood.

## CONCLUSIONS OF LAW

The first issue is whether the police had probable cause to arrest defendant for driving under the influence of alcohol, 75 Pa.C.S. §3731.

Defendant argues that there was no probable cause to believe that he was driving while intoxicated. The mild odor of alcohol alone, it is argued, was insufficient.

The test for probable cause to arrest is "whether there were facts available at the time of the initial apprehension which would justify a man of reasonable caution in the belief that a crime had been committed and that the individual arrested was the probable perpetrator." Commonwealth v. Trefry, 249 Pa. Super. 117, 375 A.2d. 786 (1977). There must be more than a mere odor of alcohol, there must be other corroborative facts that would give rise to probable cause to believe that defendant was driving under the influence of alcohol. See Commonwealth v. Funk, 254, Pa. Super. 233, 385 A.2d 995 (1978); Commonwealth v. Reynolds, 256 Pa.

Super. 259, 389 A.2d. 1113 (1978); Commonwealth v. Guiliano, 274 Pa. Super. 419, 418 A.2d. 476 (1980); Commonwealth v. Labiaux, 290 Pa. Super. 189, 434 A.2d. 194 (1981) and Commonwealth v. Monagha, 295 Pa. Super. 450, 441 A.2d. 1318 (1982).

The evidence shows that defendant exuded a mild odor of alcohol, defendant's vehicle was involved in an accident and defendant displayed a combative attitude to all who attempted to assist him. This court finds that at an accident scene, where traditional methods of observation are not available or possible, there are sufficient facts to warrant an arrest if there is an odor of alcohol and any other corroborative facts, i.e. abusive behavior. The court concludes the police had probable cause.

Next, defendant maintains that the intentional though nonmalicious destruction of the blood sample deprived him of the opportunity to examine the evidence against him, and amounted to the destruction of material evidence which could have potentially established his guilt or innocence. Defendant contends that by reason of the above circumstances, he has been deprived of his right to due process, thereby rendering the results of the blood test inadmissible.

In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d. 215, (1963), the United States Supreme Court ruled that it is a violation of an accused's due process rights for the prosecution to suppress favorable evidence which is material either to the accused's guilt or punishment. It must be first shown, however, that the evidence is material.

In United v. Agurs, 427 U.S. 97, 112-113, 96 S.Ct. 2392, 2401-02 49 L.Ed. 2d. 342, 354-355

(1979), regarding the materiality test of Brady, this court said:

"The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the admitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated on the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt."

In the instant case it is clear that the results of the blood test by their very nature constitute material evidence on the issue of guilt or innocence upon a charge of drunk driving. This is evidenced by §3731 of the Vehicle Code, which provides that if the amount of alcohol in the person's blood as shown by chemical analysis of his blood or breath was 0.10 percent or more by weight, it shall be presumed that the person was under the influence of alcohol at the time of the alleged offense.

The Commonwealth argues that only the results need be provided defendant and the sample itself is unnecessary.

This court concludes that given the importance of the chemical testing of blood in driving under the influence cases, due process requires the Commonwealth to make reasonable efforts to preserve a blood sample in those cases in which they wish to admit the results of the blood test. Commonwealth

v. Koebach, no. 83-1115 (C.P. Lehigh Co. 1984). It is the Commonwealth's duty to provide some mechanism to notify defendant when or how long the sample will be maintained. It could also provide notice at the taking of the blood that the sample will be destroyed and notify defendant of the right to have his own sample taken. This did not occur here.

## ORDER

And now, this February 7, 1985, based upon the discussion hereinabove the court grants defendant's motion to suppress. The Commonwealth is prohibited from introducing the results of the chemical blood test.