564 A.2d 227

COMMONWEALTH of Pennsylvania

v.

Franklin TRIPLETT, Appellant.

Superior Court of Pennsylvania.

Argued March 30, 1989.

Filed Aug. 29, 1989.

380

Jon S. Pushinsky, Pittsburgh, for appellant.

Ahmed Aziz, Asst. Dist. Atty., Aliquippa, for Com., appellee.

Before WIEAND, DEL SOLE and MELINSON, JJ.

DEL SOLE, Judge:

This appeal is from an order denying Appellant, Franklin Triplett's, PCHA petition. After a non-jury trial, Appellant was convicted of driving under the influence of alcohol or

controlled substance, 75 Pa.C.S.A. § 3731, and leaving the scene of an accident involving damage to an attended vehicle, 75 Pa.C.S.A. § 3743. Trial counsel failed to file post-trial motions and by motion an order was entered dismissing Appellant's direct appeal but permitting him to file for relief under the Post Conviction Hearing Act. Following a PCHA hearing on the issues originally raised in his direct appeal, Appellant was denied relief.

This case arises out of an incident which occurred in the Borough of Ambridge, Beaver County. Evelyn Wilson was driving her car in Ambridge at about 9:30 in the evening when it was struck by an automobile operated by Appellant, Franklin Triplett. He left the scene of the accident without stopping and proceeded into Allegheny County.

Officer Bruce Poninsky of Leet Township, Allegheny County testified that at approximately 9:30 on that same evening, he was stopped at a store in Leetsdale [1] approximately three blocks from the scene of the accident and about a block and a half from the Beaver County border. While he was there, an unidentified man came on the premises and told him that he had witnessed a hit and run accident and that the car was a small red vehicle. The man gave the officer the license plate number of the vehicle. Upon receiving this information, Officer Poninsky resumed his patrol and proceeded after the red car. He spotted it almost immediately, and while pursuing he heard a radio transmission from Ambridge concerning a hit and run accident. About three-quarters of a mile from the store he stopped Mr. Triplett. Before exiting his patrol car, Officer Poninsky contacted the Ambridge police and asked that an officer come to Leetsdale to determine if Mr. Triplett's auto was involved in the hit and run.

1. Officer Poninsky testified that he was employed by Leet Township, (N.T. at 26, January 20, 1987). Leetsdale is a separate municipality. The record does not indicate whether Leet Township police have the authority to act in Leetsdale. However, no issue was raised that Officer Poninsky was not acting within his primary jurisdiction when he stopped Appellant.

Within minutes, Ambridge Officer Kuzma arrived at the scene. Both officers testified that Mr. Triplett smelled of alcohol and had slurred speech and glazed eyes. Appellant staggered as he got out of the car, could barely stand, and had to be helped from his car to the patrol car. The officers also found green paint matching that of Ms. Wilson's vehicle on a damaged part of Appellant's car.

The Ambridge officer took Appellant to the hospital for blood tests, stopping on the way at the Ambridge police station for the required forms. Evelyn Wilson was in the police station waiting to make her report when the police brought Mr. Triplett into the station, but she did not make a formal identification of Appellant at that time. The results of the blood test were .32. The Appellant was charged with the crime in Ambridge, Beaver County.

On appeal, Mr. Triplett raises four issues for our review: (1) whether the arrest of Appellant was illegal, (2) whether the case should have been dismissed for violation of Rule 1100, (3) whether the trial court committed prejudicial error by admitting the results of Mr. Triplett's blood test, and (4) whether the in-court identification of Mr. Triplett by a witness who viewed him in a face to face confrontation in the police station with no other person present is tainted, and in violation of the due process clause of the Constitution.

We will discuss each issue seriatim. After thoroughly reviewing the issues and the record we affirm the trial court's decision.

■ Appellant asserts that his arrest was illegal on several grounds. First, he claims that the stop by Officer Poninsky in Allegheny County was an illegal arrest because it violated Pa.R.Crim.P., Rule 51, 42 Pa.C.S.A. and 75 Pa.C. S.A. § 6304(b), which authorizes an arrest only of a non-resident on a summary offense and only if the offense were committed in the presence of the police officer. Since the hit and run occurred outside the presence of any police officer, according to Appellant, the arrest in Allegheny County was illegal.

Although we agree that the summary offense of failing to stop at the scene of the accident, 75 Pa.C.S.A. § 3743, was not committed in the presence of a police officer, no determination of the residential status of the Appellant was made. However, we need not ascertain whether Appellant was a non-resident for the purposes of 75 Pa.C.S.A. § 6304(b) which concerns warrantless arrests for summary offenses, since Officer Poninsky did not arrest Appellant when he stopped him in Leetsdale.

Rather, this stop may be characterized as an investigation detention, which subjects the suspect to a stop and a period of detention. It must be supported by reasonable suspicion, but does not involve such coercive conditions as to constitute the functional equivalent of arrest. *Commonwealth v. Douglass*, 372 Pa.Super. 227, 539 A.2d 412 (1988). Furthermore, 75 Pa.C.S.A. § 6308(c) authorizes a police officer who has articulable and reasonable grounds to find a violation of this title, to stop a vehicle upon request or signal, in order to secure such information as the officer finds necessary to enforce the provisions of the Motor Vehicle Code. *See, Commonwealth v. Fisher*, 294 Pa.Super. 486, 490–91, 440 A.2d 570 (1982).

Here, Officer Poninsky had reasonable and articulable grounds to suspect a violation of the Motor Vehicle Code by Appellant. He had been informed that a car fitting the description of Appellant's car as to color and license plate number, had been involved in a "hit and run." Shortly thereafter, the officer heard a Beaver County police radio broadcast concerning the reported hit and run. After stopping Appellant's car, the officer told him he was stopped for a possible hit and run and that the Ambridge police were coming to question him. Appellant was detained for approximately three minutes before the Ambridge police officer arrived, during which time Officer Poninsky only asked to see the Appellant's license and registration. He did not ask the Appellant to get out of his car. Therefore, because the stop was supported by reasonable suspicion, involved a minimal amount of coercion, and a

brief period of detention, it was a legal investigative detention by the officer in Allegheny County.

 Next, Appellant argues that if the arrest were effectuated by Officer Kuzma from Ambridge, the arrest was unlawful because Officer Kuzma was not in "fresh pursuit," and had no authority to arrest Mr. Triplett outside his own jurisdiction. Although we agree that the arrest was made outside Officer Kuzma's jurisdiction, and he was not in "fresh pursuit," of Appellant as defined in *Commonwealth v. Brown*, 298 Pa.Super. 11, 444 A.2d 149 (1982); *Commonwealth v. Magwood*, 503 Pa. 169, 469 A.2d 115 (1983), we hold that the arrest was legal because Officer Kuzma was coming to aid the Leet officer. When officers are asked to leave their primary jurisdiction and assist in an adjacent jurisdiction, then the officers assisting are granted all the powers conferred on the police as if acting within their primary jurisdiction.

42 Pa.C.S.A. § 8953 regulates municipal police operating outside their jurisdiction. The general purpose of the statute is to restrict the jurisdiction of the police to their own municipalities, while allowing certain practical and policy exceptions to the general rule. *Commonwealth v. Merchant*, 385 Pa.Super. 264, 560 A.2d 795 (1989). Subsection (a)(3) provides that a police officer has the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office beyond the the territorial limits of primary jurisdiction as if enforcing those laws within the officer's primary jurisdiction when the officer has been requested to aid or assist any local, State or Federal law enforcement officer or otherwise has probable cause to believe that the other officer is in need of aid or assistance.

*Commonwealth v. Peppers*, 357 Pa.Super. 270, 515 A.2d 971 (1986), was the first case in our court to address the application of subsection (a)(3). In that case, an officer heard a radio broadcast description of a robbery suspect's vehicle from a nearby vehicle. After a radio conversation between Officers of the two municipalities, the first officer

stopped a vehicle matching the broadcast description, and this court held that the first officer was acting pursuant to a local officer's request for aid.

Although, the facts in our case are slightly different in that the Appellant was arrested by an Ambridge officer acting outside his jurisdiction in response to a radio communication from the Leet officer, we find that the radio communication was an even more direct request for aid than in *Peppers*. Here, the Leet police officer specifically radioed Ambridge for the purpose of requesting someone to help identify the stopped vehicle. (N.T at 28, 37 January 20, 1987).

Therefore, the Ambridge officer had been called to aid the Leet police under 42 Pa.C.S.A. § 8953(a)(3). Although the crime had not been committed in the presence of a police officer in Ambridge, 75 Pa.C.S.A. § 3731(c) authorizes such arrests if there is probable cause to believe the driver is intoxicated regardless of whether the alleged crime was committed in the presence of an officer. Appellant had driven through Ambridge just prior to his arrest, and the Ambridge officer had probable cause to believe that he was intoxicated at the time of his arrest, and therefore it was lawful for the Ambridge officer to arrest Appellant in Leetsdale for driving under the influence, an offense which occurred in Ambridge. *See Commonwealth v. Monaghan*, 295 Pa.Super. 450, 441 A.2d 1318 (1982).

Appellant next argues that the case should have been dismissed because trial commenced two hundred and six (206) days after the complaint was filed in violation of Pa.R.Crim.P., Rule 1100. Appellant contends that only 15 days of the delay are attributable to him, while the rest of the delays can be charged to the Commonwealth. We find this argument meritless.

On September 8, 1986, Appellant filed a omnibus pre-trial motion which inter alia solicited additional time to file an amended omnibus pretrial motion because the Commonwealth failed to comply with discovery. The trial court granted the continuance for filing the amended motion and

for compliance with the discovery order, and set the case for the October trial list. Next, the Appellant requested a postponement of the October trial due to a failure to list the pre-trial motion for argument. The trial court then postponed the case to the December trial term.

Appellant argues, relying on *Commonwealth v. Yant*, 314 Pa.Super. 442, 461 A.2d 239 (1983), that this failure should be chargeable to the Commonwealth. However, this reliance is misplaced. In *Yant* the Commonwealth asked for an extension for failure to list the pre-trial motions, which was denied by the court. Here, the defense requested a postponement and did not make a request that postponement be charged to the Commonwealth.

Thus, this thirty (30) day postponement is chargeable to the Appellant as is the first fifteen (15) day postponement, and the total of forty-five (45) days must be excluded from the calculations under Rule 1100(c)(3)(ii). Subtracting the excludable time, the trial commenced 161 days after filing the complaint, and thus there was no violation of Rule 1100.

Next, we consider if the trial court erred in admitting the results of Mr. Triplett's blood test. First, Appellant argues the test was inadmissible because it was taken incident to an unlawful arrest. We find no merit in this argument because, as discussed above, the arrest of Appellant was lawful.

Secondly, Appellant states that the admission was error because an inadequate foundation had been laid to support this admission. This is also without merit because Appellant consented to the test, the chain of evidence was established without question, and testimony established that the laboratory and the equipment were certified to make blood-alcohol tests. Appellant cites no cases to support his assertion that the Commonwealth failed to meet its burden when it did not establish that the proper procedures were followed the night in question, thus we find that a perfectly adequate foundation was established for admission of the blood alcohol test results.

Finally, we must decide whether the in-court identification by Evelyn Wilson, who was driving the car which was involved in the car accident with Appellant, was tainted and inadmissible due to the prior confrontation with the Appellant in the police station. In this case, the confrontation in the Ambridge police station occurred shortly after the accident occurred, (within twenty minutes), and within ten minutes after Appellant' arrest. (See, N.T. at 9, 19, January 20, 1987). Officer Kuzma stopped at the station to pick up medical and arrest forms prior to transporting Appellant to the Medical Center for blood-testing and Evelyn Wilson happened to be present at the police station to report the accident. Ms. Wilson was not asked to identify Appellant as the driver of the car at that time, and she did not speak with Mr. Triplett or Officer Kuzma. (N.T. at 9, 10, 50, January 20, 1987).

Where an in-court identification has a basis sufficiently independent from an unduly suggestive confrontation, that identification is admissible regardless of any stain found to exist in the confrontation procedure. *Commonwealth v. Johnson*, 291 Pa.Super. 566, 578, 436 A.2d 645 (1981). "Absent some special elements of unfairness, however, a prompt in-custody-at-the-scene identification is not unduly suggestive." *Id.*, at 291 Pa.Super. at 579.

Here, the trial court specifically stated that Ms. Wilson was a credible witness who testified that she was able to identify Mr. Triplett based on what she saw of the individual operating the vehicle. (N.T. at 10, January 20, 1987). Thus, there was a basis for the in-court identification sufficiently independent from the confrontation.

Furthermore, the confrontation, which occurred fortuitously, was not unduly suggestive. In *Johnson, supra,* a confrontation staged by the police shortly after the commission of crime, where the victim was asked if the individual in custody was one of the robbers was deemed "not unduly suggestive." There was even less suggestiveness in the circumstances of the instant confrontation where it occurred fortuitously, shortly after the crime, and involved

no conversation with the victim in an attempt to procure a formal identification. We therefore find no trial court error in admitting the in-court identification of Evelyn Wilson.

Accordingly we affirm the judgment of sentence.

WIEAND, J., concurs in the result.