## Commonwealth v. Torres & Cruz

*Geoffrey Seay,* and *Michael McDermott,* assistant district attorneys for the Commonwealth.
*Peter Bowers,* for defendant Moises Cruz.
*Daniel Paul Alva,* for defendant Elias Torres.

LYNN, *J.,* January 21, 1993 —

## I. PROCEDURAL HISTORY

On January 30, 1992, this court heard two motions to suppress physical evidence and statements made on behalf of co-defendants Elias Torres and Moises Cruz.

During the course of this suppression hearing, this court heard testimony from Philadelphia police officers Frederick Hale and Francis Green, along with testimony of defendant Elias Torres. On February 19, 1992, based upon the testimony presented during the course of the January 30, 1992, hearing, this court granted the defendants' motion to suppress.

## II. FACTS

On or about October 24, 1991, at approximately 10:17 a.m., Philadelphia police officers Frederick Hale and Francis Green were working as partners in a marked emergency police wagon in the 25th District of the City of Philadelphia. The officers received information over police radio that there was a stolen vehicle outside the premises of 3517 North 7th Street in Philadelphia.

The officers went to 3517 North 7th Street where they saw a stolen 1984 Buick Regal parked on the street. Subsequently, approximately five car lengths away from the 1984 Buick Regal, on the 3500 block of North 7th Street, the officers saw a 1985 Oldsmobile Cutlass with its trunk punched out. An NCIC check on the 1985 Oldsmobile Cutlass initially showed it was not stolen, but a further investigation, by Officers Hale and Green showed that the 1985 Oldsmobile Cutlass was stolen according to information provided to them by the 2nd Police District records.

From a distance of approximately 200 feet, Officer Green observed five Hispanic males, including the defendants, as they congregated around a tow truck in the "driveway" of 3545 North 7th Street. The "driveway" at 3545 North 7th Street is a vacant lot where a house once stood and a garage is located on the back of the premises. The tow truck was in the "driveway" and it held a red Camaro on its hook. The five Hispanic males were attempting to remove the windshield of the red Camaro.

Officer Green spoke with the five Hispanic males in the "driveway" and then continued to walk up the "drive-

way" until he reached the garage. The garage had two doors; one, a roll-up garage door for vehicular access and another meant for personal access. When Officer Green arrived at the garage, the garage door was rolled closed, but the other door was open. Officer Green proceeded to put his head "inside the open door." He then entered the garage.

At this point, Officers Green and Hale conferred and agreed to pursue this matter further. Officer Hale then inquired if the garage was an auto body shop. In response to which, defendant Torres indicated affirmatively. Mr. Torres next stated that he was "in charge." Officer Hale inquired if they could "look around" and defendant Torres responded "sure."

While this conversation was going on between Officer Hale and defendants, outside the garage, Officer Green went inside the garage and inspected the vehicle identification numbers on the vehicles inside, some of which, after an NCIC check were determined to be in stolen status. Officer Green did not, at this time, know the contents of the conversation Officer Hale was having with the defendants regarding consent to search. The officers next requested of other officers to arrive with a search and seizure warrant, which they did. The warrant was executed and the vehicles were seized and the defendants placed under arrest.

## III. LEGAL DISCUSSION

### A. *The Officers' Search Was Unlawful*

The Commonwealth bears the burden of demonstrating by a preponderance of the evidence that a search and

seizure does not violate the Fourth Amendment of the U.S. Constitution or Article I, section 8 of the Pennsylvania Constitution. *Commonwealth v. Williams*, 380 Pa. Super. 227, 551 A.2d 313 (1988); *Commonwealth v. Cihylik*, 337 Pa. Super. 221, 486 A.2d 987 (1985). Moreover a search, within the meaning of the Fourth Amendment, occurs when a reasonable expectation of privacy is infringed. *Commonwealth v. Lemanski*, 365 Pa. Super. 332, 529 A.2d 1085 (1987). In the present case, the testimony of Officers Green and Hale does not demonstrate that the officers had the requisite probable cause, or even a suspicion reasonable enough to support their entry into the garage at 3545 North 7th Street. The officers' search of the garage therefore, was not reasonable and for the reasons set forth below, was violative of the Fourth Amendment of the U.S. Constitution and Article I, section 8 of the Pennsylvania Constitution. Accordingly, all of the evidence subsequently seized pursuant to the search was properly suppressed.

It is well-settled that any and all evidence obtained as the result of an illegal search and seizure is inadmissible in a state court. *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Moreover, Pennsylvania courts have repeatedly held that a warrantless search is unreasonable unless it is justified by an exception to the search warrant requirement, *Commonwealth v. York*, 381 Pa. Super. 55, 552 A.2d 1092 (1989), and that a search warrant shall issue only after an independent determination of probable cause and reasonableness. *Commonwealth v. Smith*, 331 Pa. Super. 66, 479 A.2d 1081 (1984), *aff'd* 511 Pa. 36, 511 A.2d 796

(1986), *cert. denied, Smith v. Pennsylvania,* 479 U.S. 1006, 107 S.Ct. 643, 93 L.Ed.2d 700 (1984).

Consequently, in light of the above and for the purposes of a probable cause analysis, the operative acts in this situation are the two separate intrusions into the garage by the police officers, first by Officer Green, and subsequently, by both Officers Green and Hale.

Officers Green and Hale initially investigated the possibility of the existence of a stolen vehicle in front of the premises at 3517 North 7th Street. After locating the stolen vehicle in front of the premises at 3517 North 7th Street, the officers then proceeded to inspect the garage at 3545 North 7th Street, a distance of over 200 feet away from where they located the first stolen vehicle. As stated above, and according to the officers' testimony, the officers then investigated the vehicles in the driveway outside the premises at 3545 North 7th Street. Although both of the vehicles located in the driveway in front of the garage at 3545 North 7th Street were not stolen, Officers Green and Hale continued to intrude upon the premises at 3545 North 7th Street, well beyond the scope of their lawful authority.

It is the conclusion of this court that Officer Green did not have probable cause to enter the garage the first time, nor did either of the officers have the requisite probable cause to enter the garage on the subsequent entry. Certainly, no consent to search was communicated to Officer Green at the time he entered the garage and obtained the VINs, as he was unaware that any consent had been given to Officer Hale. It is the conclusion of this court that the officers did not have either probable cause, or even reasonable suspicion, to support their search

or the subsequent seizure. Consequently, the warrantless searches undertaken by the officers were unreasonable.

It has been further maintained that once a police officer makes an illegal initial entry onto property, the officer's mere presence violates the validity of any subsequent search. See *Commonwealth v. Black*, 365 Pa. Super. 502, 530 A.2d 423 (1987). Thus, a police officer's illegal entry onto property cannot be cured by the fact that he later obtained a warrant and then returned to seize property he initially observed. See *Commonwealth v. Black, supra*. Therefore, it is the conclusion of this court, based on the testimony of the officers, that they illegally entered the garage at 3545 North 7th Street and accordingly that any and all of the evidence seized pursuant to the search warrant, later obtained, was properly suppressed. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

## B. *75 Pa.C.S. §6308(c) Is Unconstitutional*

Title 75 Pa.C.S. §6308(c) provides the following:

*"Inspection of garages and dealer premises—*

"Any police officer or authorized department employee may inspect any vehicle in any garage or repair shop on the premises of any dealer, miscellaneous motor vehicle business, salvage motor vehicle auction or pool operator, salvor, scrap metal processor, or other public place of business for the purpose of locating stolen vehicles or parts or vehicles or vehicle parts with identification numbers removed or falsified. The owner of the garage or repair shop or the dealer or other person shall permit

any police officer or authorized department employee to make investigations under this subsection."

In the present case, the Commonwealth asserts that this statute conferred upon Police Officers Green and Hale unfettered authority to enter the garage at 3545 North 7th Street. In light of the following discussion, this contention lacks merit.

The statute provides that "any police officer" may conduct a warrantless search of "any garage or repair shop ... or other public place of business" in order to inspect "any vehicle" for the purpose of locating stolen vehicles, etc. On analysis of the statute and the relevant case law, this authorization of warrantless, non-consensual inspection of garages, etc. is unlawful in that it empowers police officers to conduct unreasonable searches which are prohibited. This court accordingly holds that 75 Pa.C.S. §6308(c) is unconstitutional on its face as a direct violation of the Fourth Amendment of the U.S. Constitution and Article I, section 8 of the Pennsylvania Constitution.

It is well-established that those constitutional protections against unreasonable searches and seizures extend to commercial property. *New York v. Burger,* 482 U.S. 691, 699, 107 S.Ct. 2636, 2642, 96 L.Ed.2d 601 (1987); *Commonwealth v. Buckman,* 393 Pa. Super. 453, 574 A.2d 697 (1990). Moreover, as a general rule, administrative inspections of commercial businesses may not ordinarily be carried out without the issuance of a warrant, or without the consent of the owner. *See v. Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).

It is true that a business owner does not possess the same reasonable expectation of privacy in his business premises as does a homeowner, since the business is held

open to the general public. See *Commonwealth v. Buckman, supra.* Still, this does not mean that the business owner waives all privacy interests. In fact, the *Buckman* court held portions of the Weights and Measures Act of 1965 unconstitutional since the Act allowed for the warrantless searches of garden shops in that the Weights and Measures Act is not a detailed and comprehensive legislative scheme designed to regulate a narrowly defined sector of the economy. *Id.* at 465, 574 A.2d at 703.

In a similar case, the Pennsylvania Supreme Court ruled that portions of the Solid Waste Management Act, 35 P.S. §§6018, 101-6018, 1003 (Supp. 1985), were unconstitutional since they permitted warrantless searches of non-hazardous solid waste sites. *Commonwealth v. Lutz,* 512 Pa. 192, 516 A.2d 339 (1986). The court reasoned that warrantless searches for ordinary solid waste cannot withstand constitutional scrutiny absent proper adoption by the department of an inspection schedule or a definition of the circumstances under which the searches will be conducted. *Lutz* at 204, 516 A.2d at 345.

The same reasoning holds true in the case at bar. Read as a whole, 75 Pa.C.S. §6308(c) seems to grant police officers the unfettered authority to enter garages and to inspect the vehicles therein without any reasonable or articulable grounds for doing so. In fact, the statute vitiates the consent issue by actually granting the owner's consent to the police officer, as part of the statutory mandate. By its terms the owner of the garage or repair shop or the dealer or other person shall permit any police officer or authorized department employee to make investigations under this subsection. The statute has effectively deprived the garage owners of the privacy interest to which they

**572**

are constitutionally entitled. Moreover, the garage owners are subject to searches, arguably at any time of the day or night and without cause. Pursuant to such a reading, any garage owner would maintain no reasonable expectation of privacy in his business.

The issue of the constitutionality of 75 Pa.C.S. §6308(c) is one of first impression in this Commonwealth.[1] 75 Pa.C.S. §6308(c) allows for a more invasive intrusion on a privacy right than does §6308(a) or (b). In §6308(a), police may stop a car or a pedestrian and request identification only if there is a *reasonable* belief that Title 75 was violated. (emphasis added) In section 6308(b) police may stop a vehicle and check it for the VIN, or other information to enforce Title 75 only if there are reasonably articulable grounds for believing the title was violated or if it is part of a systematic vehicle check.

Each of these situations requires a reasonable purpose on the part of the police before acting. Section 6308(c) has no such requirement. It gives blanket approval to enter a private business establishment to search and seize property without a warrant.

It seems to this court that, at the very least, a reasonableness standard must be affixed to situations arising out of a search and seizure under §6308(c) because there is more of an expectation of privacy inside business premises than there are in a moving car on the highway. Paradoxically, the statute makes police give greater constitutional protection in situations like car-stops on the high-

---

1. *Commonwealth v. Triplett,* 387 Pa. Super. 378, 564 A.2d 227 (1989), purportedly construes 75 Pa.C.S. §6308(c) but it is obviously a misprint and actually construes §6308(b). This is patent from the language of the statute cited by Judge Del Sole in the opinion.

way, which may have exigent circumstances, than on fixed places of business.

In light of the above discussion, this court holds that 75 Pa.C.S. §6308(c) violates the Fourth Amendment of the U.S.. Constitution and Article I, section 8 of the Pennsylvania Constitution.

Wherefore, it is hereby ordered and decreed that the evidence seized pursuant to the search of the garage at 3545 North 7th Street was properly suppressed.