**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard E. LLOYD, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1997.

Filed Oct. 16, 1997.

Phillip L. Clark, Jr., New Castle, for appellant.

Before POPOVICH, SAYLOR and OLSZEWSKI, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lawrence County following appellant's conviction on the charge of driving

while under the influence of alcohol (DUI).[1] Herein, appellant's sole contention is that the lower court erred in failing to suppress the evidence seized incident to his arrest. Specifically, he alleges that he was arrested unlawfully by Police Officer Jon M. Bobin, who improperly acted outside the territorial limits of his primary jurisdiction, thereby violating the Statewide Municipal Police Jurisdiction Act (MPJA).[2] We affirm.

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Lopez,* 415 Pa.Super. 252, 609 A.2d 177, 178–179 (1992) (citations omitted).

We find that the lower court's factual findings are supported by the record and are as follows: By agreement dated August 16, 1992, the Borough of Ellport entered into a contract with the Borough of Ellwood City, whereby the latter would provide police protection for the former. The agreement provided that "[Ellport] agrees to appoint and accept all policemen who are currently members of the Ellwood City Police Department." On August 17, 1992, Ellport passed a resolution, naming individually the Ellwood City officers who were appointed and accepted as policemen in Ellport. Ellwood City Police Officer Jon M. Bobin was not named in the resolution because he was not employed as an Ellwood City Police Officer at that time. N.T. 6/26/96 p. 3. Neither the agreement nor the resolution were amended to include Officer Bobin.

At approximately 6:40 p.m., on June 3, 1995, appellant lost control of his vehicle and struck a light pole while driving in Ellport. Officer Bobin, who was on routine patrol in Ellwood City, received a dispatch from the Ellwood City Police Department requesting him to respond to the accident. Upon arrival, Officer Bobin observed appellant standing outside of his vehicle. He noticed that his eyes were glassy and that he smelled of alcohol. Officer Bobin then administered field sobriety tests to appellant, all of which he failed. Appellant was transferred to the Ellwood City Hospital where blood was drawn. The blood test revealed that appellant's blood alcohol content was .193%.

Appellant was later arrested and charged with DUI. He filed a motion seeking to suppress all evidence seized as a result of his arrest. The motion was denied. Appellant was then tried and convicted of DUI. After he was sentenced, he filed this timely appeal.

At issue in this case is whether Officer Bobin had the authority to arrest appellant in Ellport. In making this determination, we must first determine whether Officer Bobin's primary jurisdiction included Ellport.[3] If so, then the officer properly arrested appellant inside the territorial limits of his primary jurisdiction. If Officer Bobin's primary jurisdiction did not include Ellport, we must decide whether he was authorized to act inside the neighboring jurisdiction.

■ It is clear that boroughs are permitted to enter into contracts with nearby or adjacent boroughs, either for mutual aid or assistance in police protection. 53 P.S. § 46202; 42 Pa.C.S.A. § 8951. When any such contract is entered into, "the police ... of the employing borough ... shall have all the powers and authority conferred by law on borough ... police ... in the borough

1. 75 Pa.C.S.A. § 3731.

2. Act of June 15, 1982, P.L. 512, No. 141, as amended.

3. The MPJA defines "primary jurisdiction" as "[t]he geographical area within the territorial limits of a municipality or any lawful combination of municipalities which employs a municipal

police officer." 42 Pa.C.S.A. § 8951. It is clear that an officer's "primary jurisdiction" may be comprised of more than one borough. The MPJA provides that "[a]ny duly employed municipal police officer shall have the power and authority to enforce the laws ... within his primary jurisdiction...." 42 Pa.C.S.A. § 8952.

which has contracted to secure such services." 53 P.S. § 46202. "[The] legal effect [of such a contract is] to empower the police of one municipality to arrest someone in the other municipality." *Commonwealth v. Novick,* 293 Pa.Super. 241, 438 A.2d 974, 976 (1981). *See* 53 P.S. § 46202. In contracting for police services, there are certain formalities which must be observed before a particular police office has the authority to act inside the neighboring municipality. *Novick, supra.* "[Specifically, w]henever any borough ... enter[s] into a ... contract with any near or adjacent ... borough ... for the furnishing of police protection, ... such policemen, *individually,* shall be appointed and accepted as policemen of the borough receiving such police service by resolution of the council of the said borough." 53 P.S. § 46124 (emphasis added).

■ Here, it is clear that Ellwood City and Ellport entered into a valid contract for police services.[4] However, it is also clear that Officer Bobin was not individually named in Ellport's resolution appointing and accepting the policemen of Ellwood City. Moreover, the resolution was not amended to include Officer Bobin. Simply put, there is no evidence that Ellport expressly appointed Officer Bobin to make arrests in its municipality. As such, pursuant to the plain, express language of Section 46122, we must conclude that Ellport did not accept Officer Bobin as a police officer, and, therefore, that Officer Bobin was not within his primary jurisdiction when he arrested appellant.[5]

■ Having concluded that Officer Bobin acted beyond his territorial limits, we must determine whether he was empowered to do

so pursuant to the MPJA. The MPJA provides that under six specific circumstances municipal police officers are permitted to act beyond their territorial limits of their primary jurisdiction. In applying the MPJA, we are mindful of the competing goals sought to be achieved by the legislature. "On the one hand, the legislature has sought to restrict extra-territorial forays by the police to promote public safety and to foster municipal control over the police." *Commonwealth v. Eicher,* 413 Pa.Super. 235, 605 A.2d 337 (1992). However, the legislature has also recognized the necessity of creating practical exceptions to the otherwise harsh and unworkable rule prohibiting extra-territorial police conduct which would, in the absence of such exceptions, only inure to the benefit of criminals. *Eicher, supra.* "In striving to balance these competing interests, the appellate courts have held that the MPJA should not be rigidly applied but should be liberally construed to effectuate its purposes." *Id.* 605 A.2d at 345. Using these principles as a guide, we find that the exception found in Subsection (a)(3) of the MPJA permitted Officer Bobin to act outside his primary jurisdiction.

Subsection (a)(3) provides that an officer may effectuate an extra-territorial arrest when he "has been requested to aid or assist any local, State or Federal law enforcement officer...." 42 Pa.C.S.A. § 8953(a)(3). In this case, while on routine patrol in his primary jurisdiction, Officer Bobin received a dispatch from the Ellwood City Police Department requesting him to respond to appellant's accident in Ellport. Pursuant to the dispatch, the officer responded to the scene. The record reveals that the Ellwood City

4. At the suppression hearing, it was established that the 1992 agreement indicated that the agreement was valid for one year but that it could be renewed. The agreement was never formally renewed. However, Ellport continued to pay Ellwood City for police services. On appeal, appellant argues that the contract is invalid in its entirety because it was never renewed. In light of our discussion, *infra* and *supra,* we need not address this issue.

5. Although the trial court acknowledged that Officer Bobin was not named individually in the resolution, the court concluded that Ellport accepted the officer since the agreement indicated that "Ellport accepts as policemen, by resolution, all policemen currently members of the Ellwood

City Police Department." Assuming, *arguendo,* that this statement in the agreement is sufficient to empower officers from Ellwood City to make arrests in Ellport, the record clearly indicates that Officer Bobin was not "currently" a member of the Ellwood City Police Department. At trial, Officer Bobin testified that he was not employed as a police officer until January 1994, approximately one and one-half years before appellant's accident. N.T. 9/3/96 p. 6; N.T. 6/26/96 p. 3. The resolution and agreement at issue were adopted in August 1992. There is no evidence indicating that the agreement was amended to include Ellwood City officers employed after the effective date of the agreement.

Police Department was responsible for dispatching officers to Ellport. Under these circumstances, we have no difficulty concluding that the police department's dispatch qualified as a request for aid or assistance. Accordingly, Officer Bobin was "requested to aid or assist any local, State or Federal law enforcement officer" when he responded to appellant's accident.[6] *Commonwealth v. Triplett,* 387 Pa.Super. 378, 564 A.2d 227 (1989). A holding to the contrary would lead to an absurd result. It would be ludicrous to require Officer Bobin to ignore the dispatch merely because it directed him to act outside his primary jurisdiction. Such a result would not foster municipal control over the police or promote public safety. *Eicher, supra.* Rather, such a result would only inure to the benefit of criminals committing crimes in Ellport. Accordingly, since appellant's arrest was authorized under Subsection (a)(3), we find that the lower court did not err in denying appellant's motion to suppress.[7]

Affirmed.

---

**6.** In light of the fact that the MPJA is to be construed liberally, we find that it is irrelevant that the dispatch requested assistance for the department and not for a particular officer.

**7.** The trial court denied appellant's motion to suppress on the grounds that Officer Bobin was acting within his primary jurisdiction. It is well settled that we may affirm the ruling of the trial court where there are other legitimate grounds supporting the trial court's decision. *Eicher, supra.*